WILLIAM H. CAMPBELL and Others, Owners of the Steamboat "Norfolk," *v.* R. STEELE & Co.

1. A judgment, in effect *in personam*, from another state, treated as a nullity by the courts in this state when called on to enforce it by action, because of want of jurisdiction of the foreign tribunal over the persons of the defendants, cannot be used as a bar or defence to a suit brought against such defendants on the original contract.

2. A foreign judgment against one of several joint owners of a steamboat is not a bar to an action against the others. The act of 6th April, 1830, "for the furtherance of justice between obligors and obligees, and other creditors and debtors," is to be construed liberally.

ERROR to the District Court of Allegheny.

*Sept. 5.* This was an action on the case, by R. Steele & Co. against William H. Campbell, James Thomson, Scudder Hart, Samuel Smith, and John Smith, owners of the steamboat "Norfolk," for goods sold and delivered.

The writ was served on all the defendants except William H. Campbell and Samuel Smith. The death of John Smith was suggested, and the jury was sworn only as to Thompson and Hart. The plaintiff gave evidence to sustain his account.

The defendants offered in evidence a copy of the record of an action in the Commercial Court of New Orleans, wherein the same parties were litigant, and the same matter was the subject of controversy. For the proceedings in an action of debt upon this record, see Steel *v.* Smith, 7 W. & S. 447. The offer was objected to on the ground that the judgment was invalid.

The record offered in evidence by defendants, showed that the plaintiffs attached the steamer Norfolk by an attachment issued out of the Commercial Court of New Orleans, La., on the 3d of June, 1842, for the same bill of supplies for which this suit is brought. The proceedings were according to the course of the civil law. The defendants, the owners of the Norfolk, lived in Pittsburgh. The plaintiffs set forth in their petition, filed according to the laws of Louisiana, that the defendants were indebted to them for supplies advanced at the request of John Smith, captain, and part owner, and prayed that the defendants be cited to answer, and condemned

*in solido.* A citation therefore issued to John Smith, as a part owner present, and as the representative, by the laws of Louisiana, of those who were absent; after which a general appearance was entered for the defendants by a solicitor, who filed an answer for them, denying all the allegations in the petition. Other creditors intervened, whose suits were consolidated with that of the plaintiff, and the court pronounced the following sentence or decree: " The court, after due consideration of the evidence adduced, order and adjudge that the plaintiffs and intervenors hereinafter named, recover from the defendants, John Smith, S. Hart, Whitesides, Campbell & Co., owners of the steamboat Norfolk, *in solido*, the sums hereinafter stated, *with privilege as hereinafter set forth on said steamboat*, viz. (reciting a number of intervening claims, having privilege on the boat for certain proportions of their demands, as of 1st, 2d, or 3d class,) and that the plaintiffs and intervenors hereinafter named, recover from said defendants, *in solido*, the following sums, *but without privilege on the boat*:—A. Isham, $392.31; *R. Steele & Co.*, $852.51; J. C. Hyde, $50, and that the defendants pay the costs of the suit."

The court admitted the evidence, the defence being solely to the court, reserving the question of its effect upon the cause. Subsequently the court ordered judgment to be entered for the plaintiff on the reserved point; which action of the court was assigned for error here.

*Shaler*, for the plaintiff in error.—1. The claim of Steele & Co. was merged in the Louisiana judgment: Jones *v.* Johnson, 3 W. & S. 276.

2. That judgment furnishes us with a full defence, either as in bar, or as evidence: Story's Conflict of the Laws, p. 499, § 598; 2 Kent's Com. Lecture 27, p. 119.

3. That Steele & Co., having pursued Smith to judgment on a joint claim, are barred from action against the other partners.

*M'Candless* and *M'Clure*, contrà.—Steele *v.* Smith, 7 W. & S. 447, is conclusive here.

There is no merger in this case, and the authorities do not sustain the plea of former recovery. The only defendant served in New Orleans was dead, intestate, insolvent, and there was no administrator.

Record of judgment in *for. att.* is not even *primâ facie* evidence of indebtedness: 5 Wend. 148; 6 Ib. 447; 1 Wills. 482, 597; 2 Metcalf, 333; 6 Pick. 232.

Part owners of a steamboat are tenants in common, not partners: Knox *v.* Campbell, 1 Barr, 366. But judgment against one partner is no bar to suit against the others: Act 6 April, 1830; Dunlop, 508; Pamph. L. 1848, p. 536, § 5.

The opinion of this court was delivered by

ROGERS, J.—A judgment in foreign attachment, affecting to bind not only the property attached, but the persons of defendants, not citizens of the state, or within its precincts at the time, is to be treated as a nullity by a court in another state which is called on to enforce it by action, even though it would bind the persons of defendants in the courts and by the laws of the state in which it was rendered. This is ruled in Smith *v.* Steele, reported in 7 W. & S. 447. In cases of foreign attachment, says the Chief Justice (speaking in reference to the judgment now invoked as a bar to this action), heretofore the judgment did not purport to bind the person. Here there is a formal recovery from the defendants, *in solido*, without privilege on the property attached, and it is, consequently, *in personam*. The case of Smith *v.* Steele was an attempt to enforce the judgment in this state, as a judgment against all the parties, although the defendants did not appear, either personally or by attorney, and never were within the jurisdiction of the court of Louisiana. This we refused to do, for reasons which appeared to us unanswerable, deciding that, so far as regards any remedy here, the judgment in Louisiana was null and void. It is now contended by the same parties, that, although a nullity, it is good in bar to a suit brought on the original contract. It is insisted that the plaintiff's claim is merged in the Louisiana judgment; that it is a full defence, either as a matter in bar, or as evidence; and that the plaintiff, having pursued the defendant Smith to judgment on a just claim, is barred from an action against the other partners. The defendants insist on a " distinction generally recognised (*vide* Story's Conflict of Laws, § 598; 2 Kent Com. § 27,) between suits brought by a party to enforce a foreign judgment, and suits brought against a party who sets up a foreign judgment in bar of a suit, by way of defence. Where the defendant, as is there said, sets up a foreign judgment as a bar to proceedings, *if it has been pronounced by a competent tribunal and carried into effect*, the losing party has no right to institute a new suit elsewhere, and thus bring the matter again into controversy, and the other party is not to lose the protection which a foreign judgment gave him. It is the *res judicata* which ought to be

received as conclusive evidence of right; and the *exceptio rei judicatæ*, under such circumstances, is entitled to universal conclusiveness and respect." This is a distinction which we do not undertake to gainsay, where the judgment is pronounced by a competent tribunal having jurisdiction over the subject-matter. If the court of Louisiana had jurisdiction over the persons of the defendants, their judgment would be a conclusive bar; but it is difficult to comprehend how a judgment ruled, at the instance of the defendants themselves, to be a nullity, can operate as a merger of the debt, or can, on any principle of common sense and common justice, be used as a bar or defence to a suit on the orignal indebtedness. Had the plaintiff recovered in the courts of Louisiana the whole or any part of his debt, it would be a defence in whole or in part; but the record shows that the only fruit of his action was a judgment *in solido*, but without privilege on the property attached—in other words, a judgment entirely worthless, unless the defendants think proper voluntarily to submit themselves to the jurisdiction of the courts of Louisiana. To hold that such a judgment merges the debt, or is a defence, would extend the principle of merger further than has heretofore been attempted. But it is said the judgment against Smith is a bar to an action against the other partners. Strictly speaking, the owners of the boat are not partners, but tenants in common: Knox *v.* Campbell, 1 Barr, 366; but, be this as it may, the judgment against him neither merges the debt, nor is it a bar to this action. The case is clearly embraced by the 1st sec. of the act of the 6th April, 1830; for, otherwise, a judgment in another state would have a greater effect than a judgment in our own state. "In all cases (so runs the act) now pending, or hereafter brought in any court of record in this commonwealth, against joint and several obligors, co-partners, promissors, or the endorsers of promissory notes, in which the writ or process has not been, or may not be served on all the defendants, and judgment may be obtained against those served with process, such writ, process, or judgment shall not be a bar to a recovery in another suit against the defendant or defendants not served with process."

In Vaneman *v.* Herdman, 3 W. 202, a judgment is ruled not to be a bar to a subsequent action, even although an execution has been issued on the first judgment. Nothing but satisfaction bars a suit against other partners. This just and salutary act is entitled to a liberal construction; and, although this case does not come within its letter, it is clearly embraced by its spirit.

Judgment affirmed.