LADD *v.* WATKINS & VINSON.

Opinion delivered June 1, 1914.

1. TRIAL—ATTENDANCE OF ATTORNEY—NECESSITY.—Where a party announces ready for trial, he is required to be present at all steps thereafter to be taken in his case until it is disposed of, and he will absent himself at his peril, and can not complain that a step in the trial was taken in his absence. (Page 264.)

2. TRIAL—CALLING OF CASES—ABSENCE OF COUNSEL.—Where defendant announced ready for trial, but absented himself from the court room immediately thereafter, when the court inquired if a jury would be required, he can not complain when the court dismissed the jury and the case was tried before the court. (Page 265.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action by J. A. Watkins and Baldy Vinson, a firm of lawyers, against E. P. Ladd, to recover $250, alleged to be due for an attorney's fee. The suit was commenced in the justice court, where judgment was rendered for the defendant, and the plaintiffs appealed to the circuit court. This cause, with others, was set for trial in the circuit court on the 5th day of June, 1913. The regular docket set for this day was called, and the following cases were announced ready for trial; *E. J. Ingram* v. *C. T. Jackson; Tedford Auto Company* v. *M. L. Hodge; Arkansas Carpet & Furniture Co.* v. *Mrs. W. H. Arendt, et al.;* and *J. A. Watkins et al.* v. *E. P. Ladd.* The court began with the first of these cases and asked the parties if they desired a jury trial, which question was asked in all four of the above named causes. In the first three cases the parties announced that they desired to waive a jury and agreed that the cases might be submitted to the court sitting without a jury. When the question was asked the parties in the fourth case, viz., *J. A. Watkins et al.* v. *E. P. Ladd,* the court received no response from the defendant. Baldy Vinson, one of the plaintiffs, stated that they did not desire a jury. The court thereupon dismissed the jury and proceeded with the trial of the cases in the order in which they appeared on the docket and announced ready for trial. Lewis Rhoton, the attorney for the defendant, after all the cases had been announced ready for trial, assuming that the case of *J. A. Watkins et al.* v. *E. P. Ladd* would not come to trial until after the cases which had been announced ready for trial in advance of it had been disposed of, went into another part of the courthouse on professional business, and was not present when the court made inquiry as to whether or not the parties in the cases which had been announced ready for trial desired a jury. After he had been absent from the court room about twenty minutes, he returned to the court room and remained there until the trial of the cases in advance of his case had been concluded. When the present case was called for trial, he requested a jury

to try the case, and was then informed of what had transpired in his absence in regard to the waiver of a jury. The court held that a right to trial by jury had been waived, and proceeded to try the case; and the defendant saved his exceptions.

According to the testimony of the plaintiffs, a relative of the defendant, Ladd, was indicted for the crime of murder in the second degree, and Ladd employed the plaintiffs to defend him. The amount of the fee was not agreed upon, but it was agreed that Ladd should pay them a reasonable fee for their services. The plaintiffs defended Bowen and charged Ladd therefor the sum of $250, which was proved to be a reasonable fee. Other evidence was introduced by the plaintiffs tending to corroborate their testimony.

On the other hand the defendant, Ladd, testified that he did not employ them to represent Bowen; that he was present at the trial, but this was because he was interested in his kinsman, and that he was in no way interested in the employment of the plaintiffs, and was not responsible for their fee.

The circuit court rendered judgment for the plaintiffs for the amount sued for, and the defendant has appealed.

*Bradshaw, Rhoton & Helm,* for appellant.

1. If there is any conflict between the record roll and the bill of exceptions, the record will prevail. The record entry shows that "both parties announce ready for trial; and the defendant requests a trial by a jury, which is by the court overruled," etc. This record is not in accord with any contention that appellant waived a jury, and it must prevail. 108 Ark. 191.

2. When the court assumed to try the case sitting as a jury, appellant objected, and again demanded a jury, which was refused, contrary to appellant's constitutional and statutory right to trial by jury. Moreover, there was a direct conflict in the testimony introduced on the merits, which made a question for a jury. Const., art. 2, § 7; Kirby's Dig., § 6170; 100 Ark. 62. We think this case is

ruled by the decision in *Stark* v. *Couch,* 160 S. W. (Ark.) 853, and authorities there cited.

*Mehaffy, Reid & Mehaffy,* for appellees.

The question is not whether appellant was entitled to a trial by a jury, but whether that right was waived by appellant's conduct or otherwise. It is a right which must be promptly asserted. Under the circumstances set forth in the record, the court had the right to assume that appellant would not desire a jury, and was acting within its sound discretion in dismissing the panel. 30 Pac. 481; 43 S. W. 1027; 102 Pac. 103.

HART, J., (after stating the facts). The defendant was entitled to a trial by jury unless he waived it. *Starks* v. *Couch,* 109 Ark. 534, 160 S. W. 853. Section 6212 of Kirby's Digest reads as follows: "The trial by jury may be waived by the parties in actions arising on contract, and, with the assent of the court, in other actions in the following manner:

"*First.* By failing to appear at the trial.

"*Second.* By written consent in person, or by attorney, filed with the clerk.

"*Third.* By oral consent in open court, entered on the record."

It will be noted that the present case originated in the justice court and was appealed to the circuit court by plaintiffs. The case was there docketed and set for trial along with three other cases on the 5th day of June, 1913. On that day the parties in all these cases announced ready for trial. The calendar was then called by the court to ascertain what cases were to be tried by the court and what cases by jury. During this proceeding the attorney for defendant absented himself from the court room; but he did so at his peril. It is true the calling of the docket to ascertain in what cases a jury would be waived is a preliminary step, but it is none the less a necessary one. In this way the court is better able to control the attendance of juries during the term, to lessen the expenses of the court, and to facilitate the transaction of business. Therefore, it was a part of the

trial within the meaning of the statute, and the defendant having announced ready for trial, was required to be present at all steps thereafter to be taken in this case until it was disposed of. He absented himself at his peril, and can not complain that a step in the trial was taken in his absence. The issue, as presented upon appeal, stands as if the defendant's counsel was present when the court called the calendar to ascertain what cases should be put upon the jury waived list, and that he did not speak when called upon to do so. Under these circumstances, he will be deemed to have waived a trial by jury.

Again, it is contended by counsel for defendant that when he returned to the court room there were some of the jury present in the court room, although they had been excused from further service during the day. The record does not show definitely how many jurors were present, but, according to the contention of defendant's counsel himself, there were not more than four or five present. If all the members of the jury had been present it might be said that the court abused its discretion in not then allowing the defendant to demand a trial by jury; but the plaintiffs were entitled to a trial by a jury of twelve, and inasmuch as this right could not be given them because the attendance of the absent jurymen could not be secured without delay and expense, the court did not abuse its discretion in refusing to have them summoned again.

We are of the opinion that under the facts as shown by the bill of exceptions the defendant waived his right to a trial by jury; and the judgment will be affirmed.