### LUCAS v. VULCAN IRON WORKS et al.

(District Court, M. D. Pennsylvania. January Term, 1916.)

(No. 774.)

1. PLEADING ⊚⇒350(3)—MOTIONS—AFFIDAVIT OF DEFENSE—EXCEPTIONS TO— RULE FOR JUDGMENT.

On exceptions to affidavits of defense and rule for judgment, the court is confined to the pleadings, consisting of the statement of claim and the affidavits of defense filed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1075, 1077; Dec. Dig. ⊚⇒350(3).]

2. JUDGMENT ⊚⇒822(1)—FULL FAITH AND CREDIT CLAUSE—EFFECT OF.

Const. U. S. art. 4, § 1, declares that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, while Act May 26, 1790, c. 11, 1 Stat. 122 (Comp. St. 1913, § 1519), declares that the records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given them in every court within the United States as they have by law or usages in the courts of the state from whence the records are taken. *Held* that, save for the question of jurisdiction, which may be raised, a judgment of a foreign court is as conclusive in the court of another state as though it were a domestic judgment, and no question regarding the conduct of the trial can be raised.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488, 1489, 1496, 1497; Dec. Dig. ⊚⇒822(1).]

3. JUDGMENT ⊚⇒929—FINAL JUDGMENT—WHAT CONSTITUTES.

Where the exemplification of the record showed that in an Arkansas action defendants' attorneys, who had filed an appearance, failed to appear for trial, and plaintiff waived a jury trial, in accordance with Kirby's Dig. Ark. § 6212, findings and conclusions by the court, ordering that plaintiff should recover a fixed sum of money from defendants, constitute a final judgment, authorizing action thereon in another state.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1758; Dec. Dig. ⊚⇒929.]

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. ATTACHMENT ⊕══276—DISSOLUTION—EFFECT. ,

Where an action against nonresidents was begun by attachment, and their counsel filed an appearance, so that judgment in personam might be rendered, the nature of the case was changed from one in rem to one in personam, and dismissal of the attachment did not operate as a discontinuance.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 973–978; Dec. Dig. ⊕══276.]

5. APPEARANCE ⊕══15—AUTHORITY OF COUNSEL—EFFECT.

Where counsel without authority entered appearance for nonresident defendants, the defendants are not in court, and the court is without jurisdiction.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 68, 69; Dec. Dig. ⊕══15.]

6. JUDGMENT ⊕══939—ACTIONS ON—AFFIDAVIT OF DEFENSE.

In an action on a foreign judgment against nonresidents, based on defendants' appearance by counsel, 'the attachment having been dismissed, an affidavit of defense that counsel appearing of record as attorneys for defendants were not authorized to appear generally, but only specially in the attachment proceeding, is sufficient to raise the defense that the judgment was bad for want of jurisdiction over defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1775–1778; Dec. Dig. ⊕══939.]

At Law. Action by M. A. Lucas against the Vulcan Iron Works and others. On exceptions to affidavits of defense and rule for judgment. Exceptions overruled, and rule dismissed.

Watson, Diehl & Watson, of Scranton, Pa., for plaintiff.

Thos. H. Atherton and Benj. R. Jones, both of Wilkes-Barre, Pa., and John J. Toohey, of Scranton, Pa., for defendants.

WITMER, District Judge. [1] An action in assumpsit has been instituted, founded on a recovery against defendants in the circuit court of Johnson county, Ark. Affidavits of defense have been filed, which the court is requested to declare as insufficient and direct judgment for plaintiff notwithstanding. In the solution of the matters presented the court is confined to the pleadings, consisting of plaintiff's statement of claim, with exemplification of record of the suit forming the basis of this action, and the affidavits filed. From this record it appears, that the original suit was begun in the Johnson county court in January, 1911, by writ of attachment, returnable the May term following; that the defendants formally appeared by attorneys, and at their request the time for answer was extended 60 days; and that in due time they answered, taking defense on the merits. Afterwards the cause, being then at issue, was regularly listed for trial, whereupon on June 21, 1915, the court made the following entry:

"Now, on this day, this cause being reached on the regular call of the docket for trial, the plaintiff appeared in person and by attorneys and announced ready for trial, and the defendants, although duly and legally sum‹ moned to appear herein more than 20 days before the first day of the present term of this court, and having previously appeared in this cause and filed an answer to the complaint of the plaintiff herein, came not, and, after hav-

·⊕══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing been called in the manner required by law, this cause is submitted to the court upon the complaint of the plaintiff and exhibits thereto, the affidavit for attachment, the answer of defendants, the warning order filed herein, and the proof adduced in this cause upon the part of the plaintiff. Upon consideration of which the court finds the issues in favor of the plaintiff, viz.: That the defendants are indebted to the plaintiff in the principal sum of $3,089, and were so indebted when this suit was commenced; that there is now due to plaintiff as interest upon said indebtedness the sum of $937.51, or a total of $4,026.51. That defendants were at the commencement of this suit and still are nonresidents of the state of Arkansas. That the above-named defendants on the 1st day of May, 1911, by and through their attorneys, entered their several appearances in this cause and, submitting themselves to the jurisdiction of this court, filed their answer herein. That since the commencement of this suit, defendants Peter F. Reilly and Thomas W. Haines having died, this cause has been in the manner provided by law revived and ordered to proceed in the names of the above-named Nora E. Reilly, administratrix of the estate of P. F. Reilly, deceased, and Reese Lloyd, J. Mac Haines, and Thomas W. Haines, Jr., executors of the estate of Thomas W. Haines, deceased, and that due and lawful notice of said order has been served upon the aforesaid administratrix and executors. And the court being otherwise sufficiently advised in this cause it is therefore by the court considered, ordered, and adjudged that the plaintiff, James K. Gearhart, do have and recover of and from the defendants, Vulcan Iron Works, E. Hoog, C. P. Swisher, R. M. Tubbs, George Fegley, Victor Burschell, Mark Cahilin and Alfred F. Stokes, Reese Lloyd, J. Mac Haines, and Thomas W. Haines, Jr., executors of estate of Thomas W. Haines, deceased, and Nora E. Reilly, administratrix of the estate of Peter F. Reilly, deceased, the sum of $4,026.51, and that said sum draw interest from this date at the rate of 6 per cent. per annum; that plaintiff also have judgment for all his costs in this behalf laid out and expended. It is further ordered that the attachment in this cause is dismissed."

This judgment was, on June 23, 1915, assigned by the plaintiff of record to M. A. Lucas, his heirs and assigns, without recourse, who has instituted the present suit.

The affidavits generally set forth the following defense:

"That the proceeding in Arkansas was a proceeding in rem, and not in personam, and therefore no suit can be sustained upon such a record in the state of Pennsylvania. That Atkinson & Jacobs, whose names appear of record as attorney for defendants, were never authorized or employed to appear for the defendants generally, but only specifically in the attachment proceedings. That suit was instituted by M. A. Lucas in his own right, whereas he was simply the assignee of said judgment, and therefore cannot maintain a suit only as assignee of James K. Gearhart, plaintiff in the original judgment. No verdict or any judgment was rendered in the original suit, but simply an order that plaintiff should have and recover of and from the defendant certain moneys."

Other reasons are assigned why the action cannot be sustained, directed to the regularity of the proceeding, which cannot be reviewed here, and need not be noticed.

[2, 3] Article 4, § 1, of the Constitution of the United States declares:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof."

By Act May 26, 1790, c. 11, 1 Stat. 122 (Comp. St. 1913, § 1519; 2 Purd. Dig. 1484, pl. 1), Congress prescribed the manner of authentication, and further declared:

"The said records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usages in the courts of the state from whence the said records are or shall be taken."

The judgment of the court of another state is thus put on the same footing as a domestic judgment with this qualification: That it does not prevent an inquiry into the jurisdiction of, the court in which the judgment was given to pronounce it, or the right of the state itself to exercise authority over the persons or subject-matter. Story's Com. 483, 1307; Bissell v. Briggs, 9 Mass. 462, 6 Am. Dec. 88; Shumway v. Stillman, 4 Cow. (N. Y.) 292, 15 Am. Dec. 374; Borden v. Fitch, 15 Johns. (N. Y.) 121, 8 Am. Dec. 225; Benton v. Burgot, 10 Serg. & R. (Pa.) 240; Steel v. Smith, 7 Watts & S. (Pa.) 447; Campbell v. Steele, 11 Pa. 394; Baxley v. Linah, 16 Pa. 241, 55 Am. Dec. 494.

Defendants question the proceedings in the court leading up to the final entry, which they insist is not such a judgment as will sustain this action. Regarding the accuracy of the record or the conduct of the case in the Arkansas court, no inquiry shall be made here, in view of the degree of faith and credit to be given it under the constitutional mandate; however, in determining whether the judgment is final, it will be noted that under the Arkansas statutes:

"Trial by jury may be waived by the parties in actions arising on contracts by failing to appear at the trial." Kirby's Digest of Arkansas Statutes, § 6212; Ladd v. Watkins & Vinson, 113 Ark. 261, 168 S. W. 138.

In this case the defendants' attorneys, upon the call of the list, failed to appear. The plaintiff's attorney waived jury trial. The case was tried by the court without jury, and it follows that, in the absence of a verdict, there could be no final entry of judgment upon the verdict; however, the court, following its findings and conclusions, "ordered and adjudged that the plaintiff, James K. Gearhart, do have and recover of and from the defendants [naming them] the sum of $4,026.51, and that said sum draw interest from this date at the rate of 6 per cent. per annum, that plaintiff also have judgment for all * * * costs," and dismissed the attachment. There being no appeal, the judgment of the court appears to be final, and in my opinion is a sufficient adjudication of a subsisting indebtedness on the alleged contract between the parties to sustain this action, barring all other consideration.

[4] The dismissal of the attachment did not operate as a discontinuance or dismissal of the suit, as suggested by counsel. It merely indicates the change of front, as stated, by the court. The action instituted was by attachment, in rem, which the defendants, by their own conduct in appearing and answering to the merits, changed to one of debt, in personam. The judgment that followed was apparently to their own seeking. It resulted from their own conduct, if the defend-

ants were truly and authoritatively represented through counsel interposing the defense appearing of record.

[5, 6] And this brings us to the defense offered, that counsel acted without authority. If this be true, the defendants were not in court, and the court was without jurisdiction. The affidavits are somewhat evasive upon this point, but taking all that has been alleged and regarding the numerous defendants sufficient has been made to appear so as to prevent judgment for the plaintiff.

The rule for judgment is dismissed.