Lois Miller SHULMAN, Plaintiff,

v.

Julius MILLER, Defendant.

No. 59-C-47.

United States District Court
E. D. Wisconsin.

March 3, 1961.

---

David B. Bartell, Milwaukee, Wis., for plaintiff.

Hanaway & Byrnes, Green Bay, Wis., Richard G. Greenwood, Green Bay, Wis., of counsel, for defendant.

GRUBB, District Judge.

This is an action brought by the plaintiff, Lois Miller Shulman, a Florida citizen and resident, against the defendant, Julius Miller, a Wisconsin citizen and resident, based on a judgment of the Circuit Court of Dade County, Florida. Jurisdiction here is grounded upon diversity of citizenship.

Prior to May 13, 1950, plaintiff and defendant had been married. On that

date plaintiff was granted a divorce by the Municipal Court of Brown County, Wisconsin. She was given custody of the two minor children. The decree provided that the children were not to be taken from Wisconsin without a court order or by the mutual consent of the parties. The decree also provided that the defendant was to make support payments of $125 a month.

Plaintiff moved on November 26, 1951, in the Municipal Court for permission to take the children to Florida. This motion was denied. In the Florida action plaintiff filed an affidavit to the effect that after the denial of plaintiff's motion in Wisconsin, defendant consented to plaintiff's taking the children to Florida. Since the latter part of 1951, plaintiff and the children have resided in Florida.

On April 14, 1958, the defendant was personally served with a summons in Miami Beach, Florida, in an action brought against him by plaintiff. The action was brought and heard in the Circuit Court of Dade County, Florida. The final decree was entered February 23, 1959, and a supplemental final decree was entered on March 30, 1959. Under these decrees, the defendant was ordered to pay to the plaintiff $16,008.98. Of this sum, $8,650 was based upon delinquent support payments under the Wisconsin divorce judgment. Attorneys' fees were provided for. There was also an award of $5,000 to cover support from the commencement of the Florida action to its conclusion. The Florida court increased the monthly support payments from $125 to $500. In that action the defendant took the position that the Florida court had no jurisdiction over the subject matter. This issue was tried out, and the Florida court determined that it had jurisdiction both of the person of the defendant and of the subject

matter. Defendant appealed that judgment to the District Court of Appeal of Florida, Third District, 122 So.2d 589, and that court affirmed the Circuit Court of Dade County.

On the oral argument it was conceded by defendant's counsel that the Circuit Court of Dade County, Florida, was a legally established court of record under the Florida constitution and laws, that the trial was presided over by a duly qualified judge of that court, and that the judgment was affirmed by the District Court of Appeal of Florida. It was also conceded that no appeal was taken from the judgment or mandate of the District Court of Appeal of Florida and that the time for appeal or review of that judgment or mandate has expired so that the Florida judgment is now final.

This matter is now before this court on plaintiff's motion for summary judgment. The motion papers show or incorporate the court proceedings and determinations referred to above. Defendant resists this motion claiming:

1. That the Florida court lacked jurisdiction of the subject matter based upon the claim that the children were taken to Florida without his consent and in contravention of the Wisconsin judgment.

2. That the Florida court failed to give full faith and credit to the Wisconsin judgment.

3. That the defendant was denied due process of law when the Florida court denied the right of his counsel to cross-examine plaintiff during the Florida trial.

Article IV, Section 1, of the United States Constitution[1] provides that full faith and credit shall be given in each state to the judicial proceedings of every other state.

---

1. Article IV, Section 1, of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.

And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Under § 1738 of Title 28 U.S.C.,[2] a judgment of a state court of competent jurisdiction is entitled to full faith and credit in the federal courts. Davis v. Davis, 1938, 305 U.S. 32, 39–40, 59 S. Ct. 3, 83 L.Ed. 26; Mills v. Duryee, 1813, 7 Cranch 481, 485, 11 U.S. 481, 485, 3 L.Ed. 411; Wayside Transportation Co., Inc. v. Marcell's Motor Express, Inc., 1 Cir., 1960, 284 F.2d 868, 870–871. A judgment of a state court is not entitled to full faith and credit in a federal court where it is shown that the state court lacked jurisdiction of the parties or of the subject matter or the power to render the judgment in question. People of State of New York ex rel. Halvey v. Halvey, 1947, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Adam v. Saenger, 1938, 303 U.S. 59, 62, 58 S.Ct. 454, 82 L.Ed. 649; Lucas v. Vulcan Iron Works, D.C.Pa. 1916, 233 F. 823, 826.

The primary question in this case is whether the Florida court had jurisdiction over the parties and the subject matter of the suit which culminated in the judgment being sued upon.

The record shows that the defendant was personally served with a summons while in Miami Beach, Florida, and that he was represented by counsel in the Florida suit. Therefore, the Florida court had personal jurisdiction over the defendant.

The defendant argues that the Florida court had no jurisdiction over the subject matter of the suit; namely, the two children. The cases which he cites are concerned with the problem of custody, not of support, and they are accordingly not directly in point. They are also not in point by analogy since there are different jurisdictional considerations in a custody case than in a support situation.

The Florida court looked specifically into the question of whether the children left Wisconsin with the defendant's permission. It found that the defendant had consented to the children's removal to Florida. That finding of fact cannot be attacked in this court. Where a jurisdictional fact has been litigated by a defendant in a foreign action and found against him, the question of jurisdiction becomes res judicata and cannot be relitigated by him in an action based on the foreign court's judgment. American Surety Co. v. Baldwin, 1932, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; 2 Beale, Conflict of Laws § 450.9 (1935).

It cannot be seriously contended that the Florida court failed to give full faith and credit to the Wisconsin judgment regarding the parties' divorce and the custody and support payments. Where a provision for support is subject to modification by the court which rendered it, a court in another state may also modify it since a judgment is entitled to no greater credit in any of the states of the union than it is entitled to in the state in which it originated. People of State of New York ex rel. Halvey v. Halvey, 1947, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133; Setzer v. Setzer, 1947, 251 Wis. 234, 29 N.W.2d 62; cf. Yarborough v. Yarborough, 1933, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269.

Sections 247.24 and 247.25, Wis. Stats. (1951), provided that a divorce judgment relating to the maintenance and custody of minor children could be modified by the trial court. See also Anderson v. Anderson, 1959, 8 Wis.2d 133, 98 N.W.2d 434. Since the support award was subject to modification by the Wisconsin courts, it could also be modified by the Florida court without violating

2. Section 1738, 28 U.S.C., was enacted under the authority of the last sentence of Article IV, Section 1, of the United States Constitution. Section 1738 provides in part: "The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto. * * * Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

the full faith and credit clause of the United States Constitution.

■ Because the Wisconsin divorce decree, as regards the support payments, was subject to both prospective and retrospective modification (Section 247.-32, Wis.Stats.; Halmu v. Halmu, 1945, 247 Wis. 124, 135, 19 N.W.2d 317), it was not a final judgment, and the Florida court did not have to give it full faith and credit. 27B C.J.S. Divorce § 404 (1959); Sistare v. Sistare, 1910, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (accrued alimony). This means that the Florida court was not bound by the full faith and credit clause to award a judgment for delinquent support payments due under the Wisconsin judgment. Nevertheless, this does not mean that the Florida court could not, under the rules of comity, enter a money judgment for the amount of arrears in support payments. See discussion in Taus v. Taus, 1958, 2 Wis.2d 562, 87 N.W.2d 246. The Florida court entered such a judgment, and because of the reasons previously given, that judgment is entitled to full faith and credit in this court.

■ Defendant contends that he was denied due process of law by the Florida court when that court refused to allow an attorney named Silverman to cross-examine defendant's former wife during the court hearing on the matter. A reading of the record of the hearing and of the exhibits offered in this case indicates that Silverman was not given the opportunity to cross-examine the plaintiff because Silverman was not the attorney of record for the defendant at that time. It was not until seven days after the hearing that Silverman filed an appearance with the clerk of court. Prior to Silverman's unexpected appearance at the hearing, the defendant's Florida counsel was a Robert L. Achor of Miami.

From the record of the Florida hearing, it also appears that a default judgment had been entered against the defendant 15 days before the hearing. Defendant's Exhibit "C," p. 7. The hearing was to determine the amount of delinquent payments and the right of the wife to take the children to Florida. The Florida court determined that it had jurisdiction over the *res* (the children). There was no denial of due process.

The Florida judgment is a valid judgment entitled to full faith and credit in this court. It determined the contentions here raised by the court in favor of the plaintiff. There is no dispute as to a material fact. The plaintiff is entitled to summary judgment.

The clerk is directed to enter judgment in favor of the plaintiff and against the defendant in accordance herewith.