David Thomas WHITE, Appellant,

v.

Jean BENNETT, Appellee.

Court of Appeals of Kentucky.

July 8, 1977.

Jack G. Stephenson, Harlan, for appellant.

Eugene Goss, Harlan, for appellee.

Before GANT, HOGGE and VANCE, JJ.

GANT, Judge.

This is an appeal from a decree of the Harlan Circuit Court ordering the appellant to pay the sum of $200.00 per month for the support of the parties' two minor children and to provide medical and hospital benefits for the children under his UMWA employment contract.

The parties to this appeal were divorced in the circuit court for Baltimore County, Maryland, on July 11, 1966. The decree of divorce awarded the care and custody of the parties' two minor children to the appellee, Jean Bennett, and granted to the appellant, David Thomas White, the right to visit the children at reasonable times. The court further ordered the appellant to pay to the appellee "the sum of $60.00 per month for the support and maintenance of the said two infant children of the parties, subject to the further order of this court." The children were living in Harlan County, Kentucky, at the time of the judgment of divorce and have remained there with their mother ever since that judgment was rendered.

In 1967 the appellant moved to Arizona and subsequently became a resident of Harlan County, Kentucky, for one year prior to the filing of this action. He has not made any of the child support payments ordered by the Maryland court since October of 1970.

The appellee filed her complaint for child support seeking to recover $3,840.00 arrearages for child support, $300.00 per month for future child support and medical and hospital insurance for the children. The Harlan Circuit Court awarded a judgment for the amount in arrears, ordered the father to pay the sum of $200.00 per month for future child support payments and further ordered him to provide medical and hospital benefits for the children under his UMWA contract. This appeal followed.

Appellant's sole contention is that the Harlan Circuit Court could not increase the child support payments ordered by the Maryland court or add medical insurance coverage to the decree of a sister state. The first issue to be resolved is whether the modification of the support order by the Kentucky courts violates Article IV, Section 1, of the United States Constitution which provides that full faith and credit be given in each state to the judicial proceedings of every other state. The courts have long held that where a provision for support is subject to modification by the court which rendered it, a court in another state may also modify it since the judgment is entitled to no greater credit in any of the states of the union than it is entitled to in the state in which it originated. *People of State of New York ex rel. Halvey v. Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); *Shulman v. Miller*, 191 F.Supp. 418 (E.D. Wis.1961). See *Yarborough v. Yarborough*, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933). Since the support award was subject to modification by the Maryland courts, it could also be modified by the courts of this Commonwealth without violating the full faith and credit clause of the United States Constitution.

Another approach to the full faith and credit problem is to hold that the Maryland divorce decree was not a final judgment since the future support payments were modifiable and, as such, are not entitled to full faith and credit. Since the divorce decree was not a final judgment with regard to the support payments, the Kentucky courts are not obligated to give it full faith and credit. *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910) (accrued alimony). In applying this reasoning to child support cases, see *Bradley v. Bradley*, 309 Ky. 28, 214 S.W.2d 1001 (1948).

See also *Barber v. Barber,* 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944); *Lynde v. Lynde,* 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1900).

This court is of the opinion that the Restatement (Second) of Conflict of Laws, § 109 (1971) properly summarizes the effect of the full faith and credit clause in situations of this type. Therein it states:

(1) A judgment rendered in one State of the United States need not be recognized or enforced in a sister State insofar as the judgment remains subject to modification in the State of rendition either as to sums that have accrued and are unpaid or as to sums that will accrue in the future.

(2) A court is free to recognize or enforce a judgment that remains subject to modification under the local law of the state of rendition.

■ The second question presented is whether the Harlan Circuit Court as a matter of comity should enforce the Maryland court's decree with regard to the payment of future child support. Appellant urges that *Glanton v. Renner,* 285 Ky. 808, 149 S.W.2d 748 (1941) is dispositive of this issue. Therein the court held as follows:

. . . a judgment of a local court based upon the judgment of a sister state for alimony or support of children payable in installments, can go no further than to adjudge a recovery of the accrued payments, since such judgments, especially future installments, are subject to modification by the court of the jurisdiction rendering it *and perhaps any court which may acquire jurisdiction of the matter.*

This language seems to indicate that the court would approve of a modification by a local court where it could acquire jurisdiction of the matter and of the parties as we have here.

There are several reasons for the courts of this Commonwealth to modify the decree of a sister state for child support under these circumstances. All the parties involved are domiciled in Kentucky and have severed their ties with Maryland. Kentucky has a significant interest in the welfare of the children since they could become a charge upon this Commonwealth if the amount previously awarded in the Maryland decree was insufficient to support the children in the future. Also, the Maryland courts would probably look with disfavor upon a motion for an increase in support when all the parties were residents of another state. See *Abbott v. Abbott,* 304 Ky. 167, 200 S.W.2d 283 (1947). Therefore, this court is of the opinion that the Harlan Circuit Court was justified in assuming jurisdiction to modify the child support provision in the Maryland decree under these circumstances. For a similar factual circumstance, see *Amato v. Sanborn,* 47 Mich. App. 244, 209 N.W.2d 429 (1973).

■ Appellant's final contention is that the Harlan Circuit Court could not add provisions relating to hospital and medical insurance to the decree rendered by the Maryland court. We disagree. This court has long held that " . . . [hospital and medical] insurance for the benefit of the children is in keeping with the proposition that a father is responsible for the financial support of his children." *Bradley v. Bradley,* Ky., 473 S.W.2d 117 (1971); *Budig v. Budig,* Ky., 481 S.W.2d 95 (1972). The Harlan Circuit Court in ordering the appellant to provide medical and hospital benefits for the children under his employment contract was not adding a further provision to the Maryland decree but was ordering an increase in the support under the reasoning of *Bradley, supra,* and *Budig, supra.* We conclude that the court properly required the appellant to provide medical and hospital benefits for his children.

This is a case of first impression, as far as this court can determine. We note with interest that Professor Petrilli, in his excellent work, *Kentucky Family Law* (1969), has stated, in § 27.18, as follows:

Where a sister-state, with original jurisdiction, has issued a support order, it has been held that such jurisdiction continues, and no Kentucky circuit court has jurisdiction to modify such order—even

though all parties (father, mother, and child) are presently residents of Kentucky.

He then cites the case of *Stewart v. Sandifur*, Ky., 294 S.W.2d 923 (1956) as holding that the Jefferson County Circuit Court had no jurisdiction over an Ohio circuit court divorce. The only problem with this was that it was not a sister state but the Ohio County, Kentucky, Circuit Court. Although some of the attorneys in adjacent counties may regard the Ohio County Circuit Court as a foreign jurisdiction, we doubt that we can justify this geographically.

The judgment is affirmed.

All concur.