Patricia **HALL**, Movant,

v.

Amos Gerald **HALL**, Respondent.

Supreme Court of Kentucky.

July 3, 1979.

Anthony L. Warth, Stallings & Stallings, Louisville, for movant.

G. William Bailey, Jr., Pate, Richardson & Bailey, Elizabethtown, for respondent.

LUKOWSKY, Justice.

The question presented is the authority of a circuit court in Kentucky to modify the child support provisions of a divorce judgment, granted in a sister state, on the petition of the custodial parent where both the custodial parent and the children are non-residents and the noncustodial parent is a resident of this Commonwealth.

Patricia obtained a divorce in New Mexico and was granted the custody of her two infant children. Amos was ordered to pay $100.00 per month for the support of each child. Subsequently, Patricia moved to Indiana with the children and they now reside in that state. Amos now resides in Hardin County, Kentucky.

Over Amos' objection that it lacked jurisdiction to do so, the Hardin Circuit Court modified the New Mexico decree and raised the amount of child support to $200.00 per month per child.

██ The Court of Appeals reversed and we granted discretionary review. We now reverse the Court of Appeals and affirm the trial court.

KRS 403.250(1) provides in pertinent part:

"[T]he provisions of any decree respecting . . . support may be modified . . . ." (emphasis added) [1]

This language is copied from Section 316(a) of the Uniform Marriage and Divorce Act. The Commissioners' Comment to that section provides:

"If the judgment was rendered by another state, normal full faith and credit law would allow it to be reopened in the forum state if it can be reopened under the laws of the rendering state." [2]

This is the rule to be applied in Kentucky. See, e. g., White v. Bennett, Ky.App., 553 S.W.2d 845, 846 (1977).

N.M.Stat.Ann. 22-7-6C (1975) provides in pertinent part:

"The court may modify and change any order in respect to the . . . maintenance or education of the children . . ." (emphasis added) [3]

Despite these factors the Court of Appeals relied on a statement found in Section 27.1 of Petrilli, Kentucky Family Law (1977 Supp.) and held that KRS 403.140(1)(d) makes jurisdiction to decide issues of child support rest on jurisdiction to decide issues of child custody. They then extended this theory to hold that because the circuit court had no custody jurisdiction it had no support jurisdiction.

This statute was taken from Section 302(a)(4) of the Uniform Marriage and Divorce Act. It is neither a grant nor a withdrawal of jurisdiction. It merely requires the trial court to dispose of issues of custody, support, maintenance and property division, if it otherwise has jurisdiction to do so, when it enters a decree of dissolution of marriage. Commissioners' Comment, Section 302(a), Uniform Marriage and Divorce Act. [4]

██ Jurisdiction to decide child support issues is conferred upon the circuit courts by KRS 403.210 independently of the stringent restrictions placed upon the exercise of the child custody jurisdiction conferred by KRS 403.260. [5] It is clear to us that the theory of "divisible divorce", which recognizes that the multiple issues in domestic relations cases have distinct and separate

---

1. By use of the word "any" the legislature granted jurisdiction to modify foreign as well as domestic decrees.

2. We have repeatedly recognized the Commissioners' Comments as persuasive authority in interpreting the act. See Moore v. Moore, Ky., 577 S.W.2d 613 (1979); Casale v. Casale, Ky., 549 S.W.2d 805 (1977); Turley v. Griffin, Ky., 508 S.W.2d 764 (1974).

3. This language is strikingly similar to that of KRS 403.250(1) and supports the view that the

legislature of New Mexico intended that their judgments would be subject to out of state modification. See note 1, supra.

4. See note 2, supra.

5. Strict limitations were placed upon the exercise of child custody jurisdiction to remedy the intolerable state of affairs where self-help and the rule of "seize-and-run" prevail rather than the orderly processes of the law. See Simpson v. Simpson, Ky., 586 S.W.2d 33 (1979).

jurisdictional foundations and may be determined independently of each other, is alive and well. *In re Rinderknecht*, Ind. App., 367 N.E.2d 1128 (1977).

It is equally lucid that Kentucky, the state in which Amos resides, practices medicine, farms and owns both real and personal property, is the proper forum to determine the amount he should be required to pay for the support of his children. *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Certainly it does no violence to traditional notions of fair play and substantial justice to require a person to defend a claim conveniently at home, where he has every reason to anticipate that he may be sued and where the state has a strong general interest in his economic health. *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

The decision of the Court of Appeals is reversed and the judgment of the Hardin Circuit Court is affirmed.

All concur.