Harold I. TANKERSLEY, Appellant,

v.

Stella R. TANKERSLEY (Wright) and
Sidney K. Gibson, Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1986.

David A. Franklin, Lexington, for appellant.

James M. Todd, James E. Toombs, Lexington, for appellees.

Before COMBS, COOPER and MILLER, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellees, plaintiffs below, in which the trial court allowed full faith and credit to a judgment rendered by a foreign jurisdiction pursuant to the entry of a divorce decree. On appeal, the narrow issue is whether the trial court acted correctly in ruling that there was no genuine issue as to any material fact, and the appellees were entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm.

The facts relative to this action are as follows: On August 29, 1967, a divorce decree was entered in the El Paso County District Court, El Paso, Texas, dissolving the marriage between the appellant, Harold I. Tankersley, and the appellee, Stella R. Tankersley (Wright). As part of the decree, the appellant was obligated to pay child support for two minor children in the amount of $100 per month. The appellant's child support obligation remained unmodified until November of 1980, when it was reduced to $50 per month to cover the support of only one of the children.

Shortly after the divorce decree was entered, the appellant left the jurisdiction and established residence in Garrard County, Kentucky. The appellee remarried and remained in Texas. In August of 1983, a hearing was held in the El Paso District Court concerning a motion filed by the appellee seeking a judgment for past and owing child support. Specifically, the appellee sought a judgment against the appellant for $26,246.00 as well as attorney's fees for $8,000.00. On August 22, 1983, a judgment was entered to that effect.

In October of 1983, the appellee and the co-appellee, Sidney K. Gibson, her attorney, filed an action in the trial court seeking to enforce the judgment rendered by the El Paso County District Court. The appellant answered and filed a counterclaim and the appellee subsequently filed a motion for summary judgment. The trial court dismissed the appellant's counterclaim and granted summary judgment to the appellees on the basis of the full faith and credit clause of the United States Constitution.

It is from such summary judgment that the appellant now appeals.

Under the language of CR 56.03, the narrow issue presented herein is whether the trial court correctly ruled that there was no genuine issue as to any material fact and the appellees were entitled to judgment as a matter of law. Reviewing the record below, we find that the trial court acted correctly. Specifically, although the appellant argues that the trial court erred in ruling that it was prohibited from reopening the judgment rendered by the El Paso County District Court, the law in this jurisdiction is to the contrary.

In *Hall v. Hall*, Ky., 585 S.W.2d 384 (1979), although ruling that a circuit court in Kentucky had jurisdiction to modify the child support provisions of a divorce judgment rendered in New Mexico, the Court restricted its ruling to allow a reopening only if the judgment could have been modified by the forum state. It did *not* hold that the circuit court in this jurisdiction had the power to modify a judgment rendered by its sister state with respect to past and owing child support. Furthermore, the *Hall* Court cited the Commissioners' comment to section 316(a) of the Uniform Marriage and Divorce Act which stated as follows:

> If the judgment was rendered by another state, normal full faith and credit law would allow it to be reopened in the forum state if it can be reopened under the laws of the rendering state.

The Court in *Hall* recognized that such comments stood as persuasive authority in interpreting the act itself, citing *Moore v. Moore*, Ky., 577 S.W.2d 613 (1979); *Casale v. Casale*, Ky., 549 S.W.2d 805 (1977); and *Turley v. Griffin*, Ky., 508 S.W.2d 764 (1974). Under Section 14.08(c)(2) of the Texas Family Code Annotated, it is evident that a divorce decree may not be modified ·as to past and owing child support, but can only be modified as to an obligation accruing "subsequent to the motion to modify...."

Stated differently, under the laws of the state which rendered the judgment in question, a party is precluded from seeking modification of a child support obligation retroactively. Such a decree can only be modified as to future child support obligations. Consequently, the trial court correctly ruled that the judgment rendered by the El Paso County District Court was entitled to full faith and credit, and therefore properly granted summary judgment for the appellees. *See also White v. Bennett*, Ky.App., 553 S.W.2d 845 (1977).

The judgment of the trial court is affirmed.

All concur.