SETZER, Respondent, vs. SETZER, Appellant.

*September 9—October 14, 1947.*

For the appellant there were briefs by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher*.

For the respondent there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs*.

WICKHEM, J. Both parties to this action are residents of Wisconsin—plaintiff, since August 20, 1943, and defendant since March, 1944. On August 20, 1943, plaintiff obtained a divorce from defendant by decree of the circuit court of Highland county, in the state of Florida. Plaintiff was given custody of the two minor children of the parties, then aged seven and six, respectively, and a decree specified that the Florida court retain jurisdiction over the children and that defendant pay the sum of $10 weekly to plaintiff for the support of the two minor children "until the further order of this court." In October, 1944, plaintiff commenced an action reciting the marital history of the parties and setting forth that the amount allowed plaintiff for the support of the children was insufficient. The complaint prayed that the county court take jurisdiction, order payment of certain medical bills, as well as certain sums for clothing for the children, and that it require defendant to pay plaintiff $35 a week for their support and education. There was no specific prayer that the Florida decree be modified in any respect. On October 14, 1944, the Walworth county court entered an order by default requiring defendant to pay plaintiff's attorney as trustee some $75 for winter clothing for the children, and that he make his medical insurance available to defray the cost of an operation for one of the children. In this action defendant alleged the adequacy of the present support money if wisely expended; asserted that he had paid part of the medical bills for the children and obligated himself for the rest and asked that the complaint be dismissed. On April 30, 1945, the parties entered into a stipulation providing for payment into court of $15 per week for the support of the children and payment to plaintiff of $125 to reimburse her for moneys heretofore expended by her. In addition defendant agreed to pay $58 attorney's fees, all payments to be made in ten equal instalments. It was stipulated that the court enter an order in accordance with this stipulation. This was done, the order containing a proviso that the

court retain jurisdiction of the subject matter and of the parties without prejudice to an application for such modification as the circumstances might from time to time require. No appeal was taken from this order and the time for appeal has passed.

On November, 1946, plaintiff served on defendant an affidavit and order to show cause alleging default in several respects on the part of defendant in carrying out this order, requiring him to show cause why he should not be punished for contempt and why he should not pay $25 a week for the support of the minor children. Defendant's answer admitted some of the defaults and denied some of the others, alleged that his wages had been decreased, and asserted that jurisdiction to deal with support of the minor children rested with the Florida court. On January 3, 1947, the court ordered defendant to pay $20 a week for the support of the children. The court found that defendant was in default on past payments, held him in contempt, and permitted him to purge himself within sixty days. It was also ordered that in all other respects the order of May 7, 1945, remain in full force and effect. Defendant appealed from this order.

The first contention of defendant is that the decree of the Florida court that defendant pay $10 a week for the support of the children was a valid order to which full faith and credit must be given by the Walworth county court and that for this reason the Walworth court was without jurisdiction to increase the amount of support money.

We are of the view that the case of *People of State of New York ex rel. Halvey v. Halvey,* 330 U. S. 610, 67 Sup. Ct. 903, 91 L. Ed. 1133, rules this point against defendant. There it was said that a judgment has no constitutional claim to a more conclusive or final effect in the state of the forum than it has in the state where rendered, and that since a Florida decree involving custody of minor children was not a final decree in the state of Florida, "the state of the forum has at least as

much leeway to disregard the judgment, to qualify it, or to depart from it as does the state where it was rendered." It is clear enough that the Florida decree relating to support of the minors was subject to revision by the Florida court. Hence the quotation from the *Halvey Case* is applicable here. A good discussion of the practical problem presented is to be found in *Geary v. Geary,* 102 Neb. 511, 167 N. W. 778, 20 A. L. R. 809. The matter seems so clear that a more extended discussion is not warranted.

The second question is whether the order appealed from was made upon a showing of changed conditions and increased need. In *Romanowski v. Romanowski,* 245 Wis. 199, 14 N. W. (2d) 23, the question was raised without determining whether there can be any increase in allowance for minor children unless there is alteration in circumstances. We see no reason to resolve this quaere because here circumstances had changed. The children are older; there has been a sharp increase in the cost of living, as well as changes in plaintiff's financial situation; there is evidence that defendant had sufficient income to warrant the increased payments. While it was stipulated that if defendant had testified he would assert his present salary to be $47.31 a week and his expenditures $32.25 a week, the court was not bound to accept this as true and other evidence warranted different inferences. The order finds sufficient support in the record.

*By the Court.*—Order affirmed.