Taus, Respondent, vs. Taus, Appellant.

*December 4, 1957—January 7, 1958.*

For the appellant there was a brief and oral argument by *Edward S. Grodin* of Milwaukee.

For the respondent there was a brief by *Brach, Edwards & Wheeler* of Racine, and oral argument by *Fred W. Wheeler*.

MARTIN, C. J. The complaint, after stating that plaintiff is a resident of the state of New York and that defendant is a resident of the state of Wisconsin, sets forth the following:

"Third: That the plaintiff and defendant were divorced in Queens county, New York, and a decree was entered December 11, 1947, in the office of the county clerk of Queens county, New York, which among other things provided that the defendant pay to the plaintiff the sum of forty ($40) dollars per week for the support and maintenance of herself and son, and there has been no formal modification of this decree.

"Fourth: That there is now due and owing to the plaintiff from the defendant the sum of approximately five thousand four hundred sixty ($5,460) dollars, which said sum represents the sums unpaid as unpaid support and maintenance for herself and son.

"Fifth: That the plaintiff has made demand upon the defendant for said sum, but that said defendant has refused and neglected to pay the sum.

"Wherefore, the plaintiff demands judgment against the defendant in the sum of five thousand four hundred sixty ($5,460) dollars, together with her costs and disbursements

in this action and for such other and further relief as the court may deem just and equitable."

Sec. 1155, Civil Practice Act of New York, provides:

"The court, in the final judgment dissolving the marriage in an action for divorce brought by the wife, may require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of plaintiff, as justice requires, having regard to the circumstances of the respective parties, and, by order, upon the application of either party to the action, and after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment whether heretofore or hereafter rendered, may annul, vary, or modify such a direction. . . ." (6A Gilbert-Bliss, 1957 Suppl. Anno., Civil Practice Act of New York, p. 46.)

Sec. 1171–b (Id., p. 74) permits the entry of a money judgment for the amount of arrears where the husband defaults in payment of alimony and support money ordered in a divorce decree.

Appellant's position is that the New York divorce decree, being subject to modification or vacation with respect to alimony and support money at the discretion of the court which rendered it, is not a final judgment that demands recognition under the full-faith-and-credit clause of the United States constitution.

It is not necessary to decide whether the New York decree is entitled to full faith and credit. The rules of comity govern the situation. The statutes of New York provide for the reduction of alimony and support-money arrears to a money judgment.

"By virtue of the doctrine of comity, rights acquired under statute enacted or judgment rendered in one state will be given force and effect in another, unless . . . against policy or laws of the state, prejudicial to interests of its citizens, or against good morals and natural justice; comity being a

rule of practice, however, and not a rule of law." *Hughes v. Fetter* (1950), 257 Wis. 35, 39, 42 N. W. (2d) 452.

In *Estate of Wakefield* (1923), 182 Wis. 208, 196 N. W. 541, arrearage of alimony under a California divorce judgment was considered a debt and was allowed as a claim against the share of the husband in an estate.

In *Setzer v. Setzer* (1947), 251 Wis. 234, 236, 29 N. W. (2d) 62, where a Florida divorce decree providing for the payment of support money was modified by a Wisconsin court, it was held that although the Florida decree was not a final decree, this state "has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the state where it was rendered." Appellant argues that a judgment rendered in this case would give the New York divorce decree more-final and conclusive effect than it deserved in New York; but this argument ignores the fact that New York permits the entry of a money judgment for arrears in alimony and support money.

It is stated in 11 Am. Jur., Conflict of Laws, p. 299, sec. 4:

"A state court, in conformity to state policy, by comity gives a remedy which the full-faith-and-credit clause does not compel." (Citing *Milwaukee County v. M. E. White Co.* (1935), 296 U. S. 268, 56 Sup. Ct. 229, 80 L. Ed. 220.)

This court said, in *International Harvester Co. v. Mc-Adam* (1910), 142 Wis. 114 (syllabus), 124 N. W. 1042:

"The comity mentioned is uniformly extended unless such contracts as the one sought to be enforced are contrary to the public policy of the country of the forum, as declared by its courts or its lawmaking power on grounds of good morals, or the state or its citizens would be injured.

"The scope of the comity spoken of, within reasonable limitations, is determinable, as a matter of judicial policy, by each state for itself."

In 17A Am. Jur., Divorce and Separation, p. 162, sec. 979, it is stated:

"The full-faith-and-credit clause does not obligate a state to enforce a decree for instalments of alimony or child support which become payable under a foreign decree providing for payments to be made in the future, where the court which entered the decree may modify it. Nevertheless the recent trend of authority is that a decree for future payments will be enforced in other jurisdictions by comity, which result is accomplished by a proceeding in equity in which the court establishes the foreign decree as a local decree; that is to say, the court of equity enters a decree which orders the husband to do the things he is required to do by the foreign decree. Nevertheless, some jurisdictions refuse to enforce payments that become due under a foreign decree, the usual reason given for the refusal being lack of finality of the decree."

See also Anno. 132 A. L. R., Comity-Enforcement of Alimony, p. 1275.

In the light of these authorities, it is our opinion that comity properly should be extended to the New York decree and statute. See cases discussed in annotations in 132 A. L. R., Comity-Enforcement of Alimony, p. 1275 *et seq.*

*By the Court.*—Order affirmed.