ONDERDONK, Respondent, vs. ONDERDONK, Appellant.

*February 4—February 28, 1958.*

The cause was submitted for the appellant on the brief of *Waldemar E. Remde* of Madison.

No appearance or brief for the respondent.

BROADFOOT, J.   Upon this appeal there was no appearance or brief on behalf of the plaintiff.   Under Supreme Court

Rule 32 we could reverse the order as of course but, because divorce and the custody of minor children in divorce proceedings are matters of public concern, we are not exercising our discretionary power.

The defendant first challenges that part of the order in which the court stated it could make no order with reference to delivering the custody of the children to either of the parties until such time as the plaintiff and the minor children returned to the state of Wisconsin.

The defendant states that there is no decision by this court determining the power of a Wisconsin court to award custody of minor children to one of the parties where the children are not physically present in the state. This action was commenced by the plaintiff by the service of the summons upon the defendant. At that time both the plaintiff and the defendant were within the jurisdiction of the court, as were the minor children. The court had jurisdiction of the action because the defendant had resided in Wisconsin more than the requisite amount of time. There is an annotation in 9 A. L. R. (2d) commencing at page 434, dealing with the subject of the award of custody of children outside of the state. On page 446 thereof appears the following statement of the general rule in a situation such as that presented here:

"While in the preceding section the situation was discussed where the child was physically outside the jurisdiction of the court at the time the proceedings started, this section considers those cases which involve the effect of the removal of a child from the territorial jurisdiction of the court after jurisdiction has once attached upon its power to render an adjudication respecting the child's custody.

"As to be expected, the authorities agree unanimously that, as between the parties litigant, once jurisdiction has attached in proceedings for the custody of a minor child the subsequent removal of the child from the territorial jurisdiction of the court does not defeat the court's jurisdiction to award custody, in the absence of a change of circumstances sufficient

in law to work a change of the domicile of the parents or the one whose domicile controls that of the child."

Under the circumstances it is clear that the trial court did have the power and authority to make an order with reference to the custody of the children. Therefore, that part of the order stating that the court can make no order with reference to the custody of the children until such time as the plaintiff and the minor children of the parties return to the state of Wisconsin must be reversed.

Sec. 247.24, Stats., provides that in divorce actions the court may make provision concerning the care, custody, maintenance, and education of the minor children of the parties. A provision for custody of the children is not an essential element of a divorce judgment. We merely state that the trial court in this case had the power to make an order with reference to custody, but we do not say that he must make such an order, nor what order he should make if he should decide to make one.

The defendant also contends that the trial court wrongfully based its finding of the fitness of the plaintiff on the report of the Wisconsin department of public welfare, the report of the welfare agency in Maryland, and the recommendation of the divorce counsel, as they are all contrary to the testimony given in court. In the case of *Wunsch v. Wunsch*, 248 Wis. 29, 31, 20 N. W. (2d) 545, we said:

"While the right to the custody of a minor child of tender years is a matter very largely in the discretion of the trial court, still a contest as to that matter is a judicial proceeding and the discretion must be exercised on legal grounds, and the determination of the court is subject to review as in other cases. *Voss v. Voss* (1914), 157 Wis. 430, 147 N. W. 634. A contest between parents as to the custody of a child is clearly a judicial and not an administrative matter and the procedure governing judicial proceedings should govern.

"The report of the department of domestic conciliation was not offered or received in evidence and therefore was no part

of the record. There is no way in which the error in this case can be cured except by a reversal of the order and a remand of the case for further proceedings. This is not a case where the report was before the court and not returned with the record. It was received by the judge but was never before the court."

In 35 A. L. R. (2d) 629, appears an annotation dealing with the subject of investigations made by welfare agencies or similar organizations in custody matters. A reading of that annotation indicates that some states have provided by statute for independent investigations in custody proceedings to aid the court in its determination. In other states the courts have held that independent investigations and reports thereon from disinterested parties or agencies may be considered by the court in custody matters when the investigation and report are consented to by the parties. In this case the defendant not only consented but requested the issuance of the order directing the Wisconsin department of public welfare to make an investigation and report. At that time it was known that the plaintiff and the minor children were in Maryland and it must have been inferred that the Wisconsin department of public welfare would employ the services of a welfare agency in Maryland rather than to send its investigators all the way there to make the investigation. Since the defendant asked for the investigation and report he cannot now complain that his request was complied with. Therefore, that part of the order finding both of the parties fit persons to have the care, custody, and control of the minor children based upon the recommendation of the divorce counsel and upon the reports of the welfare agencies must be affirmed.

*By the Court.*—That part of the order stating that the trial court can make no order with reference to the custody of the children until such time as the plaintiff and the minor children return to the state of Wisconsin is reversed. That part of

286

the order finding that both parents are fit and proper persons to have the care, custody, and control of the minor children is affirmed. Cause remanded for further proceedings in accordance with this opinion.