BRAZY, Appellant, v. BRAZY, Respondent.*

*October 9—November 5, 1958.*

For the appellant there was a brief and oral argument by *Charles H. Galin* of Milwaukee.

For the respondent there was a brief by *Hersh & Magidson* of Milwaukee, and oral argument by *Arthur B. Magidson.*

FAIRCHILD, J. The action in the California court involved both the element of custody (defendant's right to have the daughters visit him) and of support (defendant's payments for support of the son). We are of the opinion that the California court had jurisdiction of the subject matter in both respects and it had personal jurisdiction over defendant by reason of personal service upon him in California.

No argument has been made to us that there was any infirmity in the personal service upon the defendant at Santa

Barbara. It is, thus, unnecessary to consider whether the actions of his California counsel would have conferred personal jurisdiction over the defendant in the absence of valid service or whether the California counsel exceeded his authority.

The plaintiff and the children were present, resident, and domiciled in California. They had gone there with the express permission of the Wisconsin court. Whether the test be domicile, as asserted in Restatement, Conflict of Laws, p. 211, sec. 146, or residence, or substantial interest in the welfare of the child, as suggested by Professor Stansbury in Custody and Maintenance Law Across State Lines, 10 Law and Contemporary Problems, 819, 831, the jurisdiction of the California court over the subject matter of custody is clear.

In *State ex rel. Hannon v. Eisler* (1955), 270 Wis. 469, 71 N. W. (2d) 376, we upheld a determination of custody by a Wisconsin court where the children had been residing in Wisconsin with their father, and there was personal jurisdiction over the mother, who was not a Wisconsin resident, but who had come into Wisconsin and seized custody of the children. The determination upheld in that case, changed the custody award in a prior Canadian judgment.

Jurisdiction of the California court over the matter of support is also clear. Perhaps no more is ever required than personal jurisdiction over the defending parent. Stansbury, *op. cit.* But here, in addition, the child being supported is present, resident, and domiciled in California, and that state has a substantial interest in his welfare. See Restatement, Conflict of Laws, p. 546, sec. 457.

In *Setzer v. Setzer* (1947), 251 Wis. 234, 29 N. W. (2d) 62, a Wisconsin court altered the amount of support money which a father was required to pay, the amount having been originally determined by the judgment of a Florida court. There all the parties were present and resident in Wisconsin.

360

In both the *Hannon* (custody) and *Setzer* (support) *Cases,* it was found that there had been a change of circumstances since the judgment previously entered by a different court. Whether courts have really decided custody cases upon the principle that the second court is bound by the judgment of the first in the absence of a change in circumstances has been questioned. Stansbury, *op. cit.,* and Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Michigan Law Review, 345. Whether a previous judgment on custody is made binding by the constitutional requirement that full faith and credit be given has been expressly left undecided by the United States supreme court. *Halvey v. Halvey* (1947), 330 U. S. 610, 67 Sup. Ct. 903, 91 L. Ed. 1133; *Kovacs v. Brewer* (1958), 356 U. S. 604, 78 Sup. Ct. 963, 2 L. Ed. (2d) 1008.

In any event the Wisconsin court cannot review the judgment of the California court. If defendant considers that the California court gave insufficient effect to the 1956 judgment of the Wisconsin court, his remedy was an appeal from the judgment of the California court.

Defendant argues that because the Wisconsin court had originally determined custody and support, had considered all the issues with all the parties before it, because it is in a better position to compel defendant to fulfil his obligations, and because the motion for approval of the trust agreement was already pending in the Wisconsin court, the California court should have deferred to the Wisconsin court. All these considerations could have been urged upon the California court, but it is not for us to say that it was wrong in rejecting them and declining to defer.

We are of the opinion that the Wisconsin court as well as the California court, had jurisdiction to decide questions of custody and support. The judgment which regulated these matters prior to the action in California was entered here. The defendant remains a resident of Wisconsin; several

provisions of the divorce judgment quite clearly indicated that the parties might apply to the Wisconsin court if differences arose, including the matter of the trusts. Plaintiff had appeared before the Wisconsin court without objection on the matter of approval of the trust agreement. We do not subscribe to the proposition that the jurisdiction of the California court was exclusive. Criticism of the Restatement view on this subject has been voiced in the articles of Professors Stansbury and Ehrenzweig above cited. In *Hatch v. Hatch* (1937), 15 N. J. Mis. R. 461, 192 Atl. 241, while the New Jersey court declined jurisdiction of an application to modify a New Jersey award of support money because both parents and the child had moved out of the state, the court made it clear that it had jurisdiction, but declined to exercise it for reasons of policy.

We conclude, however, that the Wisconsin court erred in entertaining defendant's application for a change in the provisions for custody and support on November 5th. The action in the California court covering the same subject matter had been previously begun. The orderly administration of justice requires that there be some rule for avoiding the conflicting exercise of jurisdiction by two courts both of which are competent to decide the issues. Ordinarily, a court should not exercise jurisdiction over subject matter over which another court of competent jurisdiction has commenced to exercise it. See 14 Am. Jur.; Courts, p. 435, sec. 243; 21 C. J. S., Courts, p. 745, sec. 492.

It was an abuse of discretion to issue a restraining order to prevent plaintiff from proceeding before the California court.

We are of the opinion that plaintiff's objection that the Wisconsin court could not act because of lack of personal jurisdiction over her was not well taken. She was plaintiff in the original action. The divorce judgment made it evident in a number of provisions that the rights of the parties would

be subject to possible further orders of the court. Sec. 247.25, Stats., provided for subsequent alterations of the judgment concerning care, custody, maintenance, and education of the children. Notice to her of the application for modification need not be delivered to her within Wisconsin. Restatement, Conflict of Laws, p. 114, sec. 76, and comment in 1948 Supplement, p. 96; *Cohn v. Cohn* (1942), 151 Fla. 547, 10 So. (2d) 77, 143 A. L. R. 428.

The earlier order appealed from was dated December 23, 1957. It both overruled plaintiff's special appearance and ordered a hearing upon defendant's motion to hold plaintiff in contempt. We shall affirm that part of the order which overrules her special appearance, striking out the remainder.

The order dated January 29, 1958, states several conclusions of law which we deem erroneous. The only provision of the order which directly affects the rights of the parties is the direction to the defendant to continue to pay support money in the same amount as provided by the original judgment and the direction to the clerk to withhold payment to the plaintiff of alimony until further order of the court. These provisions fail to give full faith and credit to the judgment of the California court. Therefore we conclude that this order should be reversed, and the motion for change of custody and support provisions should be dismissed.

Defendant has moved to strike from the record on appeal the exemplified copies of papers in the action in the California court. In the statement of facts we have quoted the reference made to these exemplified copies in the plaintiff's answer and plea. The answer and plea and the copies were filed in the office of the clerk on the same date. .

Sec. 269.42, Stats., requires that "all affidavits and papers used on any motion" be filed. Supreme Court Rule 1 (6), sec. 251.251 (6), Stats., provides that there shall be included in the record on appeal "orders material to the appeal, and papers upon which they are based." We think it suffi-

ciently appears that the answer and plea and the exemplified copies were among the pápers used on the motion and upon which the order was based. Therefore they need not be stricken.

*By the Court.*—Order dated December 23, 1957, modified by striking out provisions for hearing upon matters of alleged contempt and, as modified, affirmed. Order dated January 29, 1958, reversed, and cause remanded with directions to dismiss the order to show cause dated November 5, 1957; respondent's motion to strike papers from the record on appeal denied.

MARTIN, C. J., and BROWN, J., took no part.

The following memorandum was filed January 6, 1959:

FAIRCHILD, J. (*on motion for rehearing*). The respondent husband has raised a number of questions as to the effect of our decision, but these questions go beyond the issues properly before us on the appeal. Our decision did not impair the jurisdiction of the Wisconsin court to hear a motion to modify the rights and obligations of these parties with respect to custody, alimony, or support money. We decided that it was error for the Wisconsin court to entertain the motion of appellant husband brought November 5, 1957, while the action in the California court was pending, but did not decide that the Wisconsin court lacked jurisdiction of the subject matter.

*By the Court.*—Motion for rehearing denied, with $25 costs.