GREEF, Respondent, v. GREEF, Appellant.

*January 7—February 3, 1959.*

270

For the appellant there were briefs by *Affeldt & Lichtsinn,* and oral argument by *Karl M. Anderson,* all of Milwaukee.

For the respondent there was a brief by *Albert Bahcall,* attorney, and *Howard A. Morse* of counsel, both of Milwaukee, and oral argument by *Mr. Bahcall.*

FAIRCHILD, J.    The appellant father challenges the orders of April 14th and July 11th on the ground that the circuit

court abused its discretion in ordering forfeiture of the $2,500 deposit. He challenges the order of July 23d on the ground that the circuit court had no jurisdiction to enter it.

1. *The forfeiture.* The father asserts that the child's welfare was served by the father's change to a better job. He concedes that there is greater inconvenience to the mother in visiting the child in Virginia rather than in Illinois, but suggests that she must put up with the greater inconvenience because of the benefit the child will derive from the father's improved status. The record does not show the extent of the betterment, but we think it can be assumed that the father's acceptance of the assignment by his employer to a better job will benefit the father's family, and incidentally Daniel, more than a rejection of it would have. Economic betterment of the father was properly deemed by the trial court in *Bennett v. Bennett* (1938), 228 Wis. 401, 280 N. W. 363, to justify permitting his removal to New York with the children notwithstanding the increased inconvenience in the exercise of the mother's right of visitation. There the trial court required the father to pay the expenses of the children when visiting the mother in Wisconsin and to pay the mother's expense in moving to New York, should she decide to do so.

In the case now before us, the order requiring the $2,500 deposit as a guaranty of the mother's visitation rights was entered upon stipulation. We could find no abuse of discretion had the circuit court ordered that reasonable portions of the deposit be released from time to time to the mother to aid her in traveling to Virginia to visit Daniel. We are of the opinion, however, that it was an abuse of discretion to order so large a fund paid over to the mother in a lump sum. The purpose of the deposit was to secure her right to visit the child and not to provide her with additional property. We therefore reverse the order of April 14th, and direct that an order be entered requiring her to redeposit the money, and

that further consideration be given to some plan under which the fund will be used over a period of time to give her reasonable and necessary aid in exercising her right to visit Daniel.

The appeal from the order of July 11th presents no substantially different issue.

2. *Jurisdiction to enter the order of July 23d.* Here a Wisconsin court originally entered a divorce judgment in an action between parties who were domiciled in Wisconsin and over whom the Wisconsin court had personal jurisdiction. The judgment contained provisions as to custody and visitation of the child and by virtue of sec. 247.25, Stats., these provisions were subject to revision from time to time. The father, having custody, was later permitted to remove the child from the state and he did so, presumably acquiring a domicile elsewhere. The question presented is whether the Wisconsin court still has jurisdiction (upon notice to the father) to modify the provisions for custody.

The father argues that jurisdiction of custody questions is vested solely in the courts of the state where he has acquired a domicile for himself and the child; that any alteration of the judgment with respect to custody must be sought in the courts of Virginia, assuming that the father has now acquired domicile in that state rather than in Illinois. We recently considered a case involving facts which are similar in many material respects. *Brazy v. Brazy* (1958), 5 Wis. (2d) 352, 92 N. W. (2d) 738. There we decided that a court of the state where the mother, who had custody, had acquired a domicile for herself and the children, had jurisdiction to modify the father's visitation rights. We suggested, however, that such jurisdiction was not exclusive and that the Wisconsin court also had jurisdiction, although it was error for the Wisconsin court to exercise jurisdiction while a proceeding was pending in the state of domicile.

We must recognize that the view that jurisdiction depends on domicile and that the courts of the domiciliary state have

exclusive jurisdiction is supported by substantial authority. Domicile is the test under Restatement, Conflict of Laws, pp. 177, 221, secs. 117, 146. In two cases courts of a state where a child has gained domicile with the permission of the court which originally rendered a decree of divorce and awarded custody have held that later modification of the decree by the court which originally rendered it is void for want of jurisdiction. *Commonwealth ex rel. Graham v. Graham* (1951), 367 Pa. 553, 80 Atl. (2d) 829; *Application of Enke* (1955), 129 Mont. 353, 287 Pac. (2d) 19; certiorari denied (1955), 350 U. S. 923, 76 Sup. Ct. 212, 100 L. Ed. 808. It has also been held, however, that the removal of a child from a state does not remove it from jurisdiction which has attached. *Stetson v. Stetson* (1888), 80 Me. 483, 15 Atl. 60; *Morrill v. Morrill* (1910), 83 Conn. 479, 77 Atl. 1; *Hersey v. Hersey* (1930), 271 Mass. 545, 171 N. E. 815, 70 A. L. R. 518. In the annotation at page 527 following the *Hersey Case* it is said, "The question whether, under such a statute [prohibiting removal of child], or, in the absence of statute, in the exercise of its inherent powers, a court may alter or modify its decree of divorce as to the custody of children, in the absence of the parent or the child from its territorial jurisdiction, has been resolved, by the great weight of decisions, in favor of the existence of such power in the court."

It is also stated in 39 Am. Jur., Parent and Child, p. 614, sec. 25, "Although there are decisions to the contrary, the great weight of authority supports the view that a court awarding the custody of a child may afterward modify its decree even in the absence of the parent or the child from its territorial jurisdiction." In 17A Am. Jur., Divorce and Separation, p. 25, sec. 833, it is said, "Indeed, the inability of a court which has granted a divorce to enforce a modified order concerning the removal of a child from a foreign

country to another jurisdiction does not deprive it of jurisdiction to make such order."

Obviously, there is a split of authority. We are of the view that the court which originally renders the decree providing for custody and acquires or retains personal jurisdiction over the parties retains jurisdiction to modify those provisions even where the child may have obtained domicile in some other state. There may be, of course, sets of circumstances where a court which has jurisdiction should decline to exercise it in favor of some other court which has jurisdiction. This was done in *Hatch v. Hatch* (1937), 15 N. J. Misc. 461, 192 Atl. 241. We think the principle that two or more courts may have concurrent jurisdiction over custody problems will serve better under modern conditions where people move about freely. Possible conflicts between courts having jurisdiction can be better solved on principles other than that the court of the state of the child's domicile has exclusive jurisdiction.

We note that a tentative draft of revisions of the Restatement, Conflict of Laws, submitted by the council to the members of the American Law Institute at the 1953 annual meeting suggested a change with respect to jurisdiction over custody. Instead of an exclusive test of domicile as previously provided in sections 117 and 146, pages 177 and 211, it was proposed that three bases for jurisdiction be recognized: (1) Domicile of the child within the state, (2) physical presence of the child within the state, (3) personal jurisdiction over the parties contending for custody.

A proposed comment points out that the theory of jurisdiction based on domicile is founded on the proposition that custody is a question of status, but that the protection of the child where physically present and the interests of those (normally the parents) who are disputing among themselves for the child's custody are important considerations. The comment continues (p. 56), "On the other hand, no unanimity

exists as to which of these bases should have this exclusive position. In point of fact, each one provides a reasonable and suitable basis upon which a court may proceed in a proper case. The state in which the child is physically present must have power to take the necessary steps for his protection; that which has personal jurisdiction over those competing for the custody provides a convenient forum in which to try the issue; and lastly that of the child's domicile should also have jurisdiction because it will normally have the greatest concern with his welfare. Although what has been said above is rarely made explicit in the opinions (a notable exception is *Sampsell v. Superior Court* (1948), 32 Cal. (2d) 763, 197 Pac. (2d) 739), the majority of courts will, it is believed, assume jurisdiction to decide a question of custody in any one of these three situations whenever they deem it wise to do so. As a result there will be situations where three states have concurrent judicial jurisdiction, namely, the state of the child's domicile, that where he is physically present at the time of suit, and that which has personal jurisdiction over those (normally the parents) who are competing for his custody."

The court which originally rendered the decree, and which may be better informed because of information in its records and because it has resolved some of the earlier disputes, will generally qualify as a court having personal jurisdiction of the parties even where notice can only be delivered to the defending party outside the state. *Brazy v. Brazy, supra,* page 361.

Thus we reach the conclusion that the circuit court for Milwaukee county still has jurisdiction to modify its previous orders with respect to the custody and visitation of Daniel, personal notice having been given to the father in Virginia. Since the father has not attacked the substance of the order of July 23d as an abuse of discretion, we have not considered any question other than the jurisdiction of the court to enter it.

*By the Court.*—The orders dated April 14, 1958, and July 11, 1958, are reversed, and the cause remanded for further proceedings not inconsistent with this opinion. The order dated July 23, 1958, is affirmed.