STATE EX REL. KERN, Respondent, v. KERN, Appellant.*

*June 6—June 29, 1962.*

---

\* Motion for rehearing denied, with $25 costs, on September 4, 1962.

For the appellant there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall.*

For the respondent there was a brief by *William L. Mc-Cusker* of Madison, attorney, and *Mosier, Mosier, Thomas & Beatty* of Waterloo, Iowa, of counsel, and oral argument by *Mr. McCusker.*

BROWN, C. J. The appeal presents these issues:

(1) Was the trial court correct in affording full faith and credit to the Iowa court's decision even though the Iowa court had not given full faith and credit to the Wisconsin superior court's decision?

(2) Was *habeas corpus* the proper remedy in this case and, if so, was the relief granted by the trial court appropriate?

The circuit judge in this case was placed in a rather awkward position. He had before him the judgment of the superior court of Dane county granting custody to Phyllis Kern. He also had a subsequent judgment of the district court of Iowa's Black Hawk county ordering the surrender of the child to Carl Kern upon a writ of *habeas corpus.*

In making his decision to afford full faith and credit, Circuit Judge CHARLES relied on two recent Wisconsin cases, *Brazy v. Brazy* (1958), 5 Wis. (2d) 352, 92 N. W. (2d) 738, 93 N. W. (2d) 856, and *Greef v. Greef* (1959), 6 Wis. (2d) 269, 94 N. W. (2d) 625. The United States supreme court has "expressly left undecided" the question whether a previous custody judgment is made binding by the constitutional requirement of full faith and credit. *New York ex rel. Halvey v. Halvey* (1947), 330 U. S. 610, 67 Sup. Ct. 903, 91 L. Ed. 1133 (295 N. Y. 836, 66 N. E. (2d) 851), and *Kovacs v. Brewer* (1958), 356 U. S. 604, 78 Sup. Ct. 963, 2 L. Ed. (2d) 1008 (245 N. C. 630, 97 S. E. (2d) 96). Thus, the prior decisions of this court serve as valid precedents.

The first inquiry in a full-faith-and-credit controversy is whether the court of the sister state had jurisdiction. It appears that the Iowa court had jurisdiction over the subject matter (custody) and personal jurisdiction over the parties. Both the father and child were domiciled in Iowa at the time the proceedings there commenced. The mother, through her counsel, applied for a writ of *habeas corpus* thus subjecting herself to the Iowa court's jurisdiction. See *State ex rel. Hannon v. Eisler* (1955), 270 Wis. 469, 71 N. W. (2d) 376, where this court upheld a lower court's assumption of

jurisdiction in a custody case. There the father and children resided in Wisconsin and through service the court had personal jurisdiction over the mother. Iowa case law is to the same effect. *Helton v. Crawley* (1950), 241 Iowa 296, 41 N. W. (2d) 60. We conclude that the Iowa court had jurisdiction (although not exclusive) and validly exercised it.

Appellant now contends that even if the Iowa court had jurisdiction it should not have examined the merits. Rather the Iowa court should have given full faith and credit to the earlier Wisconsin decision. Even so, the Wisconsin court is not the proper forum to decide this question. In *Brazy v. Brazy, supra,* a judgment awarding custody was rendered in Wisconsin. Thereafter a California court modified this custody judgment. After finding that the California court had jurisdiction, this court stated (p. 360):

> "In any event the Wisconsin court cannot review the judgment of the California court. If defendant considers that the California court gave insufficient effect to the 1956 judgment of the Wisconsin court, his remedy was an appeal from the judgment of the California court.
>
> "Defendant argues that because the Wisconsin court had originally determined custody and support, had considered all the issues with all the parties before it, because it is in a better position to compel defendant to fulfil his obligations, and because the motion for approval of the trust agreement was already pending in the Wisconsin court, the California court should have deferred to the Wisconsin court. All these considerations could have been urged upon the California court, but it is not for us to say that it was wrong in rejecting them and declining to defer."

*Brazy v. Brazy, supra,* gives a direct answer to appellant's argument. If Mrs. Kern considered the Iowa district court erred, her remedy was by appeal there.

This brings us to the question of whether the Iowa judgment is entitled to full faith and credit in Wisconsin. Appel-

lant urges that because the Iowa court did not give the Wisconsin judgment full faith and credit, we should treat the Iowa judgment in similar fashion. Even assuming that the Iowa court erred in examining the merits, it would not follow that the Wisconsin court should make the same alleged "error." Logically, appellant's contention means that because Iowa has mistreated a Wisconsin judgment then Wisconsin should similarly mistreat an Iowa judgment; apparently then two wrongs would equal one right.

We agree with the trial court's assertion that full faith and credit is not grounded on reciprocity. It is not given blindly to all judgments of sister states, but absent a change in factual circumstances a custody decree is entitled to "recognition in all of the courts of the several states." *State ex rel. Hannon v. Eisler, supra,* and *Zillmer v. Zillmer* (1960), 8 Wis. (2d) 657, 100 N. W. (2d) 564, 101 N. W. (2d) 703. The fact that the Iowa court did not apply this doctrine is not within the scope of our inquiry (see *Brazy v. Brazy, supra*), nor should this fact affect this decision.

Where there is involved a judgment determining custody recently entered in the appropriate court of a sister state and is then presented to a Wisconsin court with the demand that the judgment be accorded full faith and credit, in our view the Wisconsin court is not compelled to accept the foreign judgment without going into the merits of the disputed custody. The United States supreme court in *New York ex rel. Halvey v. Halvey, supra,* did not rule otherwise. However, when such a judgment has been recently entered, as was the case of the Iowa judgment in the instant case, this court, for policy reasons, is inclined to accord such judgment the same effect as though it were binding upon us under the full-faith-and-credit clause. We respect the determination so recently made by the Iowa court on the merits and refrain from ourselves re-examining the merits. We regard this as the better policy in such circumstances.

Appellant finally submits that *habeas corpus* was not a proper remedy and by granting the writ the circuit court was "interfering" with the jurisdiction of the superior court. There is no question but that the Dane county superior court has exclusive jurisdiction *within Wisconsin* over the custody of the child, Carl Kern II. *Greef v. Greef, supra.* However, when the superior court's decision on custody was entered, there was nothing to prevent the parties from engaging in further litigation in a sister state. This the appellant did and now two courts (the Wisconsin superior court and the Iowa district court) are vested with a concurrent jurisdiction. This court has said in *Greef*, at page 276:

"We think the principle that two or more courts may have concurrent jurisdiction over custody problems will serve better under modern conditions where people move about freely. Possible conflicts between courts having jurisdiction can be better solved on principles other than that the court of the state of the child's domicile has exclusive jurisdiction."

Now the respondent is in a Wisconsin circuit court seeking a writ of *habeas corpus* to enforce the Iowa district court's judgment. Custody may be determined in a *habeas corpus* proceeding. *State ex rel. Hannon v. Eisler, supra,* and *Zillmer v. Zillmer, supra.* See also *Helton v. Crawley, supra.* But, as Judge CHARLES determined, custody, as such, was not before his court. In Wisconsin, the superior court of Dane county had exclusive jurisdiction in that matter. This *habeas corpus* writ is sought to enforce the Iowa decision which, as we have already said, was valid and should be given full faith and credit. By granting the writ the circuit court recognized the validity of the Iowa judgment; it did not overrule the Dane county superior court or exert jurisdiction over Carl Kern II. We agree with Judge CHARLES' conclusion that "we would only be recognizing [by granting

the writ] under the constitution of the United States, the validity of a judgment which in and of itself supersedes the ruling" of custody entered by the superior court.

The order of the circuit court for Dane county is affirmed.

*By the Court.*—Order affirmed, and cause remanded for further proceedings not inconsistent with this opinion.