ANDERSON, Appellant, v. ANDERSON and wife, Respondents.

*October 3—October 31, 1967.*

456

For the appellant there was a brief and oral argument by *Sheldon E. Meyer* of Waupun.

For the respondents there was a brief by *Healy &amp; Yanikowski* of Beaver Dam, attorneys, and *Frank D. Hamilton* of Dodgeville of counsel, and oral argument by *James J. Yanikowski.*

HANLEY, J. There is no doubt that Wisconsin has jurisdiction over the subject matter, namely, the custody of the children. In *Greef v. Greef* (1959), 6 Wis. 2d 269, 94 N. W. 2d 625, this court noted, with approval, three bases of jurisdiction over the custody of children, any one of which might justify a court in exercising jurisdiction in a given custody matter: (1) Domicile of the child within the state; (2) physical presence of the child within the state; and (3) personal jurisdiction over the parties contending for custody.

In the present case the children are physically present within the state and the Wisconsin court has personal jurisdiction over the parties contending for the custody. The mother of the children invoked the processes of the court, and the father is a resident of the state of Wisconsin. A habeas corpus proceeding is appropriate in Wisconsin for the adjudication of legal custody. When it is used in custody matters, however, it is not the narrow legal remedy that it is in criminal cases.

In *Bellmore v. McLeod* (1926), 189 Wis. 431, 433, 207 N. W. 699, this court stated:

". . . The ascertainment and enforcement of the custody of minor children by the use of the writ of *habeas corpus* is equitable in its nature, and in such cases the question of personal freedom is not involved, for an infant, from humane and obvious reasons, is presumed to be in the custody of someone until it has attained its majority. The court, when asked to restore an infant, is not bound by any mere legal right of parent or guardian, but is to give it due weight as a claim founded on human nature, and generally equitable and just. The court is in no case bound to deliver a child into the custody of any claimant, but should, in the exercise of a sound judicial discretion after a careful consideration of

the facts, leave it in such custody as the welfare of the child at the time appears to require. . . ."

Appellant's first contention is that since the Colorado court has jurisdiction of the custody of the children and of the parties and since custody proceedings have already been initiated there, we should defer to the Colorado proceedings. Appellant in support of this contention cites *Brazy v. Brazy* (1958), 5 Wis. 2d 352, 92 N. W. 2d 738, 93 N. W. 2d 856. In that case the parties were divorced in Wisconsin, and the wife was awarded custody of the children. She and the children moved to California with the permission of the court. While the husband was in California, he was personally served with a complaint, an order to show cause, and a temporary restraining order in an action commenced in a California court. The complaint sought increased child support and also that custody be awarded unconditionally to the plaintiff-wife. Subsequently the husband moved the Wisconsin court to modify its previous judgment of divorce by awarding custody of the children to him and by reducing the alimony. The court issued an order to show cause which restrained the wife from proceeding any further in the California court. On appeal this court noted that both the Wisconsin and the California courts had jurisdiction of the matter but that the Wisconsin court should have deferred the exercise of its jurisdiction because ". . . Ordinarily, a court should not exercise jurisdiction over subject matter over which another court of competent jurisdiction has commenced to exercise it. . . ." *Brazy v. Brazy, supra,* at page 361.

Here, however, none of the parties are presently domiciled in Colorado. And, although this fact does not mean that Colorado has lost jurisdiction over the matter, it may affect that state's ability to enforce any decree it might make, a problem which was not present in *Brazy* since there the two children lived with their

mother in California, the state to whose jurisdiction Wisconsin was deferring. In addition, Wisconsin is the state where the children are presently residing with the respondents, with whom they have lived for over two years. And all parties are before this court. On the other hand, respondents cannot be compelled to participate in the Colorado proceedings, nor does this court have an effective means of returning the children to Colorado. Thus, deference to the Colorado court is not likely to facilitate a determination of this matter on the merits, which, at this time, would certainly be to the best interests of the children. It is even conceivable that Colorado would decline to exercise its jurisdiction for the reason that none of the parties are presently domiciled there. It is certainly likely that Colorado will not proceed until the contempt citation is lifted; respondents, however, are not likely to return to Colorado voluntarily. On oral argument it was conceded that extradition is impossible.

It might be argued that the Wisconsin court exercise its jurisdiction to the extent that it award temporary custody to the appellant pending the outcome of the Colorado proceedings and that this would overcome the disadvantages of proceeding in Colorado. However, there is no guarantee that appellant would continue the Colorado proceedings once having regained custody. And, more seriously, there are affidavits by the respondents and by Clarisse Gay Anderson which, if true, indicate appellant's unfitness for custody beyond the shadow of a doubt. If the court is to exercise its jurisdiction to the extent that it will consider making a temporary custody order, it ought to make the determination whether appellant is a fit person to have custody even temporarily.

In *Zillmer v. Zillmer* (1960), 8 Wis. 2d 657, 100 N. W. 2d 564, 101 N. W. 2d 703, the mother of two minor children made application for a writ of habeas corpus to the circuit court to regain custody of the children from the

paternal grandparents one week after a judgment of a Kansas probate court granted her custody. The grandparents contended that the mother's fitness was not sufficiently inquired into by the Kansas court. This court held that the issue of the welfare of the children was before the circuit court and exercised its jurisdiction to permit the grandparents to retain temporary custody of the children, but, as a matter of discretion, deferred to the Kansas court to make the determination whether to modify its judgment concerning custody. This court then stated that the circuit court should enter judgment in accordance with that of the Kansas court at such time as that court either modified or declined to modify its original decision.

In the case at bar we have distinguishing circumstances. None of the parties are presently domiciled in Colorado. The matter of custody was not determined on the merits; and the fitness of the appellant to have custody of the children is being seriously challenged.

In *State ex rel. Kern v. Kern* (1962), 17 Wis. 2d 268, 116 N. W. 2d 337, also a custody proceeding on habeas corpus, this court, at page 273, determined that:

"Where there is involved a judgment determining custody recently entered in the appropriate court of a sister state and is then presented to a Wisconsin court with the demand that the judgment be accorded full faith and credit, in our view the Wisconsin court is not compelled to accept the foreign judgment without going into the merits of the disputed custody. The United States supreme court in *New York ex rel. Halvey v. Halvey, supra,*[1] did not rule otherwise. However, when such a judgment has been recently entered, as was the case of the Iowa judgment in the instant case, this court, for policy reasons, is inclined to accord such judgment the same effect as though it were binding upon us under the full-faith-and-credit clause. We respect the determination so recently made by the Iowa court on the merits and

[1] (1947), 330 U. S. 610, 67 Sup. Ct. 903, 91 L. Ed. 1133 (295 N. Y. 836, 66 N. E. 2d 851).

refrain from ourselves re-examining the merits. We regard this as the better policy in such circumstances."

With respect to appellant's second argument that the Wisconsin court should not reach the merits but should have directed respondents to comply with the temporary custody order issued by the Colorado court, appellant nowhere relies on the full-faith-and-credit clause of the United States Constitution in explicit terms. It is difficult to determine on what other grounds such a claim could be upheld. The purpose of the full-faith-and-credit clause is "to establish throughout the federal system the salutary principle of the common law that a litigation once pursued to judgment shall be as conclusive of the rights of the parties in every other court as in that in which the judgment was rendered, so that a cause of action merged in a judgment in one state is likewise merged in every other." *Magnolia Petroleum Co. v. Hunt* (1943), 320 U. S. 430, 439, 64 Sup. Ct. 208, 88 L. Ed. 149.

The full-faith-and-credit clause does not comprehend, however, that a nonfinal order be accorded full faith and credit. *Tom v. State* (Fla. 1963), 153 So. 2d 334; *In re Forslund* (1963), 123 Vt. 341, 189 Atl. 2d 537.

We conclude that the trial court did not abuse its discretion in choosing to exercise its jurisdiction in this matter. We regard this as the better policy under the facts and circumstances.

*By the Court.*—Order affirmed.