QUANDAHL, Respondent, v. QUANDAHL, Appellant.

*No. 5. Argued December 1, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 225.)

For the appellant there was a brief by *Henry C. Friend* and *George E. Kunde,* both of Milwaukee, and oral argument by *Mr. Kunde.*

No brief or appearance for the respondent.

BEILFUSS, J. There has been no brief filed, no appearance [2] nor argument in behalf of the plaintiff, Robert E. Quandahl.

It appears from the record herein that at the time of the divorce the plaintiff had no property, either real or personal, other than his personal effects and his pension rights; that he was severely afflicted with Parkinson's disease; that he was seventy-two years of age and his wife was sixty-two years old; and that there were no children.

Shortly after the hearing on March 25, 1969, the plaintiff moved to Mason City, Iowa, and lived with a brother. On May 20, 1969, he died and his property and funds available were hardly sufficient to pay the expenses of his last illness and the funeral bill.

The defendant-appellant has moved that this court reverse "as of course" under its discretionary power set forth in sec. (Rule) 251.57, Stats., which provides as follows:

"When a cause is submitted, or presented by counsel for appellant or plaintiff in error, but not by the opposing party, the judgment or order appealed from may be reversed as of course, without argument."

This court has declined to exercise its discretionary power to reverse pursuant to the rule, and gone on to consider the merits of an appeal from a judgment of divorce on several occasions. *Gauer v. Gauer* (1967), 34 Wis. 2d 451, 149 N. W. 2d 533; *Onderdonk v. Onderdonk* (1958), 3 Wis. 2d 279, 88 N. W. 2d 323. The court has noted that the principal reason for its doing so is the strong public interest in actions affecting marriage and the custody and support of minor children.

However, none of those concerns are present in the instant case. One of the parties is deceased, there are no children whose interests must be considered, and

[2] Other than a letter to the clerk from the attorney who represented the plaintiff, Robert E. Quandahl.

there is no question of injustice to any third parties since there is no property left in the respondent's estate to which they might otherwise be entitled.

We deem the issues herein should not be decided on the merits without an appearance and brief in behalf of the respondent. Therefore, in the exercise of our discretion, we reverse under sec. (Rule) 251.57, Stats.

*By the Court.*—Judgment and order reversed with directions to vacate the judgment and dismiss the complaint.