JONES, Respondent, v. JONES, Appellant.

*No. 355. Argued January 31, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 627.)

A brief was submitted for the appellant by *Harry W. Theuerkauf* of Milwaukee, and for Thomas Jones, a minor child, by *Heiner Giese* of Milwaukee, guardian *ad litem*.

HEFFERNAN, J. Under the rules of this court, sec. (Rule) 251.57, Stats., we may reverse "as of course" when a cause is submitted by the appellant but not by the respondent. Under the rules, such reversal would be appropriate. We decline to do so under the circumstances of this case.

We have said that in cases involving family matters we would hesitate to reverse "as of course" under sec. 251.57, Stats. We said in *Onderdonk v. Onderdonk* (1958), 3 Wis. 2d 279, 282, 283, 88 N. W. 2d 323:

"Under Supreme Court Rule . . . we could reverse the order as of course but, because divorce and the custody of minor children in divorce proceedings are matters of public concern, we are not exercising our discretionary power."

In the instant case a reversal "as of course" would not work the injustice with which this court was concerned in other family court matters which have been before us on appeal. Where, as here, the interests of no third party or of the public would be hurt, the effect of a reversal merely would be to conclude that the court below had jurisdiction and that it was obligated to proceed with the merits of the custody dispute. We believe, however, that the merits of jurisdictional questions should, in the interests of the proper administration of divorce and family law, be determined by this court.

After a reading of the transcript, we are satisfied that there was confusion between situations that exist when a court has jurisdiction but refuses to exercise it for policy reasons and those instances where the court has,

in fact, no jurisdiction of either the subject matter or of the persons, or both.

The facts here admit of no dispute that the court had both subject matter jurisdiction and personal jurisdiction. At the time the divorce was granted, the husband, wife, and minor child of the parties were all residents of the state. Secs. 247.24 and 247.25, Stats., provide that the divorce-granting court shall thereafter have jurisdiction and authority to change the conditions of the care and custody of the minor children of the parties. Under these statutes, the divorce court retains jurisdiction of the subject matter of the action even though one of the spouses or one or more of the children have established residence in another state. *Brazy v. Brazy* (1958), 5 Wis. 2d 352, 360, 361, 92 N. W. 2d 738, 93 N. W. 2d 856; *Greef v. Greef* (1959), 6 Wis. 2d 269, 274–276, 94 N. W. 2d 625; *Block v. Block* (1961), 15 Wis. 2d 291, 295, 112 N. W. 2d 923; *Anderson v. Anderson* (1967), 36 Wis. 2d 455, 153 N. W. 2d 627.

Moreover, there was personal jurisdiction since, at the time the proceedings for the change of custody were commenced, both husband and wife and the child were residents of Wisconsin and proper service was made. After the wife's removal to Michigan, proper service of notice of subsequent hearings and proceedings was made upon her personally. We pointed out in *Block v. Block, supra,* page 297, that, where there is jurisdiction, due process is satisfied if there is reasonable notice of the proceedings. In the instant case, the plaintiff wife was personally served and appeared at the time of the divorce action and was again personally served with the husband's order to show cause why the child should not be returned to Wisconsin and why the wife should not be held in contempt. There is no doubt that the circuit court had jurisdiction of the subject matter and of the persons involved in the litigation.

We believe that a fair analysis of the trial court's opinion tends to indicate that it realized it had jurisdic-

tion to proceed. However, the court recited several policy reasons for the dismissal; but instead of declining to exercise its jurisdiction for these reasons, the order recites that the dismissal was for want of jurisdiction.

The court was correct in giving consideration to the policy factors involved. We pointed out in *Brazy, supra,* that a court having jurisdiction can decline to exercise it if there are sufficient policy reasons to do so. Had the court in this case placed its declination to act squarely upon policy factors, and there was sufficient evidence to show that these policy factors were properly relied upon, the declination of jurisdiction might well be affirmed as an exercise of judicial discretion. The policy factors which might have permitted it to discretionarily decline to exercise that jurisdiction were not sufficiently expressed, however, in the opinion or in the order.

We should point out that this case is unlike *Brazy, supra,* where we said that it was error for a Wisconsin court to entertain an application for a change of a custody order when it knew that the same subject matter was being considered in a California court. In those circumstances we held there was an abuse of discretion. A Wisconsin court should not exercise jurisdiction over subject matter when a court of competent jurisdiction in another state has commenced to exercise it. That factor is absent in this case. Moreover, there is nothing in the record that would indicate that a revised custody order by the Wisconsin court would be a nullity, as the trial judge seemed to feel.

We conclude that the trial court has jurisdiction to proceed. The cause is remanded for further proceedings on the merits, subject, however, to the trial court's authority to decline the exercise of jurisdiction in the event sufficient facts are apparent to support such exercise of judicial discretion.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.