SHERIDAN, Respondent, v. SHERIDAN, Appellant.*

*No. 302.   Argued October 2, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 557.)

* Motion for rehearing denied, with costs, on February 4, 1975.

For the appellant there were briefs by *Paul L. Moskowitz* and *Bradley J. Keith,* both of Milwaukee, and oral argument by *Mr. Moskowitz.*

For the respondent there was a brief by *M. P. Dyer* and *Dyer Law Offices,* all of Minocqua, and oral argument by *M. P. Dyer.*

CONNOR T. HANSEN, J. Judgment for divorce was entered on August 21, 1968, in the circuit court for Cook county, Illinois. Both parties were then residents of Illinois. In that proceeding the mother was the plaintiff; the divorce was granted to her and by stipulation of the parties, made a part of the judgment, she was awarded custody of the four children. Other provisions of the judgment are not material to the instant proceedings. Subsequent to the divorce, plaintiff remarried and moved to Lac du Flambeau, Vilas county, Wisconsin, where he now resides.

October 30, 1969, and July 27, 1970, the circuit court for Cook county, Illinois, entered orders modifying its judgment of divorce with regard to plaintiff's visitation rights and support money obligations.

March 16, 1972, plaintiff was apprised that the defendant was hospitalized and was not expected to live.

With the consent of the defendant, the plaintiff traveled to Illinois and removed the children to his home on March 17, 1972. There is a dispute as to whether the defendant consented to the children being in Wisconsin longer than the period of her hospitalization. However, the fact is that on March 23, 1972, she was released from the hospital and requested the return of the children by leaving messages at the plaintiff's office.

The plaintiff did not return the children, but the next day, March 24, 1972, the plaintiff commenced this action in the county court of Vilas county, Wisconsin, to obtain custody of the children. Service of the summons and complaint was made on the defendant in Illinois.

Pursuant to an *ex parte* order issued that same day by the Vilas county court, the defendant was restrained from interfering with the custody of the children pending hearing on May 12, 1972. By further order on March 24, 1972, the Vilas county court appointed a guardian *ad litem* for the four children.

March 30, 1972, defendant petitioned the circuit court for Cook county, Illinois, for an order requiring the plaintiff to return the children to the jurisdiction of the court, to show cause why he should not be adjudged in contempt for removal of the children, and to dismiss the Wisconsin action.

April 10, 1972, the Wisconsin court issued an *ex parte* temporary restraining order, restraining the defendant from initiating or pursuing any other action pertaining to a determination of the custody of the children pending the hearing of May 12, 1972.

April 17, 1972, a hearing was held on the Illinois petition, at which defendant and plaintiff, by counsel, appeared in the Illinois court. The court directed a show cause order of contempt to the plaintiff and directed him to cease prosecution of the Wisconsin action.

April 25, 1972, the circuit court for Cook county found plaintiff in contempt, and a body attachment was signed May 3, 1972.

May 12, 1972, the Wisconsin restraining orders were entered against defendant based on an alleged stipulation by the parties. May 15, 1972, a notice of retainer and appearance was filed in the Wisconsin action on behalf of the defendant. Defendant also filed an answer and counterclaim alleging the existence of prior jurisdiction in the Illinois court and asking that plaintiff's complaint be dismissed and comity given the Illinois judgment and order.

October 27, 1972, a four-day trial was completed in Vilas county court. The judgment, which is the subject of this appeal, was entered on March 27, 1973.

In our opinion, the dispositive issue on this appeal is whether the trial court abused its discretion in exercising jurisdiction in this case.

This court has recognized that there are three bases upon which subject-matter jurisdiction can be acquired in child custody cases.[1] They are:

(1) Domicile of the children within the state;

(2) Physical presence of the children within the state; and

(3) Personal jurisdiction over the parties contending for the custody.

It is uncontested that the domicile of the children in question was Illinois; that the children were present in Wisconsin when the Wisconsin action was commenced; and that the Illinois court had continuing personal jurisdiction over the parties as a result of the original divorce decree.[2] Accordingly, both the Illinois and Wisconsin courts had subject-matter jurisdiction.

---

[1] *Anderson v. Anderson* (1967), 36 Wis. 2d 455, 459, 153 N. W. 2d 627; *Zillmer v. Zillmer* (1960), 8 Wis. 2d 657, 661, 100 N. W. 2d 564, 101 N. W. 2d 703; *Greef v. Greef* (1959), 6 Wis. 2d 269, 276, 94 N. W. 2d 625.

[2] Illinois court granting divorce decree retains continuing jurisdiction over the parties and subject matter which is not defeated by a party's moving outside the court's geographical jurisdiction. *Crawley v. Bauchens* (1973), 13 Ill. App. 3d 791, 793, 300 N. E. 2d 603.

In addition to subject-matter jurisdiction, child custody being a personal right, it is necessary that the ruling court also have personal jurisdiction over the parties against whom the judgment is sought to have effect.[3] There is no question that both of the courts involved had personal jurisdiction over the parties.

Therefore, the jurisdictional question posed is not whether the Wisconsin court or the Illinois court had jurisdiction, but whether it was a proper exercise of judicial discretion for the Wisconsin court to exercise its jurisdiction.

The defendant raised the issue of comity in her answer and counterclaim, and again in the affidavit supporting her motion to set aside or reopen the judgment. From our review of the record, it does not appear the trial judge ever approached the issue. In disposing of the jurisdictional issue on motions after judgment, the trial judge incorrectly rests his decision on sec. 262.16, Stats. "Raising objection to personal jurisdiction, general appearance." As we have stated, there is no question but what the Wisconsin court and the Illinois court both had subject-matter and personal jurisdiction.

Professor Leflar, in discussing what he describes as "extrastate" custody awards, states:

"The only fact that is certain about this area of the law is that it is unsettled. Perhaps this is as it should be, leaving greater freedom to the courts to achieve desirable results on a case to case basis. . . . Wise judicial discretion, with as little emphasis as possible on formal jurisdictional rules, seems preferable." Leflar, *American Conflicts Law* (rev. ed. 1968), p. 590, sec. 246.

[3] *May v. Anderson* (1953), 345 U. S. 528, 73 Sup. Ct. 840, 97 L. Ed. 1221; *State ex rel. Kern v. Kern* (1962), 17 Wis. 2d 268, 116 N. W. 2d 337; *Eule v. Eule* (1960), 9 Wis. 2d 115, 100 N. W. 2d 554, certiorari denied, 362 U. S. 988, 80 Sup. Ct. 1076, 4 L. Ed. 2d 1021.

We are of the opinion the rules of comity govern the instant situation. Comity, being a rule of practice and not a rule of law, rests upon the exercise of sound judicial discretion. *Taus v. Taus* (1958), 2 Wis. 2d 562, 87 N. W. 2d 246. The scope of comity is determinable as a matter of judicial policy. *International Harvester Co. v. McAdam* (1910), 142 Wis. 114, 124 N. W. 1042.

There are circumstances under which this court has held that it would be an abuse of discretion to exercise jurisdictional power. Thus, in *Brazy v. Brazy* (1958), 5 Wis. 2d 352, 92 N. W. 2d 738, 93 N. W. 2d 856, this court has stated:

". . . The orderly administration of justice requires that there be some rule for avoiding the conflicting exercise of jurisdiction by two courts both of which are competent to decide the issues. Ordinarily, a court should not exercise jurisdiction over subject matter over which another court of competent jurisdiction has commenced to exercise it. See 14 Am. Jur., Courts, p. 435, sec. 243; 21 C. J. S., Courts, p. 745, sec. 492." *Brazy, supra,* p. 361.

*Anderson v. Anderson, supra,* presents a different situation. In *Anderson,* a California divorce judgment awarded the custody of the children to the mother. She agreed to let them visit their father in Colorado. They were not returned at the expiration of the agreed period and she commenced a habeas corpus proceeding in Colorado. When these proceedings were commenced, the father took the childen and came to Wisconsin. The mother pursued and brought habeas corpus in Wisconsin and moved for summary judgment. The trial court denied the motion for summary judgment and ordered the trial of the custody issue proceed on the merits. We affirmed. In effect, the doctrine of *forum non conveniens* was applied. It was stated that all parties were present in Wisconsin and that there was considerable doubt whether Colorado could retain jurisdiction over the father. In the instant case, the plaintiff-father submitted to the

jurisdiction of the Illinois court in April, 1972, and prior to the time the defendant submitted to the jurisdiction of the Wisconsin court in May, 1972.

In *Zillmer v. Zillmer, supra,* a Kansas divorce judgment granted custody of the children to the mother. At the time the children were living with their paternal grandparents in Wisconsin. The mother brought habeas corpus in Wisconsin. This court held that as a matter of discretion, the Wisconsin court should defer to the Kansas court for an orderly procedure in the resolution of the custody question. In *State ex rel. Kern v. Kern, supra,* fn. 3, a Wisconsin divorce judgment granted custody of a child to the father. He was authorized to take the child to Iowa. Subsequently, while the child was in Iowa, a Wisconsin court to whom jurisdiction had been transferred awarded custody to the mother. She brought habeas corpus in Iowa. Before a decision was rendered by the Iowa court, the mother, "by force, spirited the child out of Iowa and into Wisconsin." *State ex rel. Kern v. Kern, supra,* p. 270. The Iowa court granted custody to the father and he subsequently brought habeas corpus in Wisconsin. The trial court recognized the recent judgment of the Iowa court and granted the writ even though it had personal jurisdiction of the parties.

The decisions of *Brazy v. Brazy, supra, Zillmer v. Zillmer, supra,* and *State ex rel. Kern v. Kern, supra,* stand for the general principle that when an action is pending in the courts of one state, the second state should not interfere. This is an application of the rule of comity. It does not mean that an action is pending in the sense that the custody provisions of a divorce judgment are nonfinal and can always be amended. It means that there is presently pending in one state an action in which the issues presented in the action in the second can be reached. *Anderson v. Anderson, supra,* represents a situ-

ation in which the exercise of judicial discretion dictates that the rule of comity not be recognized.

In the instant case, the father acquired custody of the children as a result of the mother's illness. Although the children were not "spirited" out of Illinois, the fact is that the day the mother was released from the hospital she requested the return of the children and the next day the father endeavored to invoke the jurisdiction of the Wisconsin court to obtain custody. The mother immediately commenced action in the Illinois court, and the father submitted to personal jurisdiction of the Illinois court on April 17, 1972. The mother entered her personal appearance in the Wisconsin court on May 15, 1972.

The plaintiff asserts that the defendant submitted to the jurisdiction of the Wisconsin court by stipulation on May 12, 1972. We do not agree. The purported stipulation rests upon a telephone conversation with defendant's counsel, then in Green Bay. Although the defendant's counsel stated he would file a written stipulation, he never did. Rather, the defendant's appearance was entered on May 15th at which time the answer and counterclaim were also filed.

Sec. 269.46 (2), Stats., provides:

**"269.46 Relief from judgments, orders and stipulations; review of judgments and orders. . . .**
"(2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney."

The requirements of the foregoing statute were not met. Under the circumstances, we decline the suggestion of liberal construction to elevate the telephone conversation to the status of a stipulation conforming to the requirements of sec. 269.46 (2), Stats.

The defendant directs our attention to *Kusick v. Kusick* (1943), 243 Wis. 135, 9 N. W. 2d 607; *State ex rel. White v. District Court* (1952), 262 Wis. 139, 54 N. W. 2d 189; and *Syver v. Hahn* (1959), 6 Wis. 2d 154, 94 N. W. 2d 161. We mention them because they are distinguishable from the instant case. They involve principles which govern the relationship between courts of concurrent jurisdiction within the state of Wisconsin and not "extrastate" jurisdictional issues.

We are of the opinion that when the matter ultimately came on for hearing on the merits, the trial court should have recognized the rule of comity, as requested by the defendant. Under the facts of this case, the exercise of sound judicial discretion mandated that the trial court decline to exercise its jurisdiction.

*By the Court.*—Judgment and order reversed.