[Civ. No. 1515. Fifth Dist. June 25, 1971.]

TONY RODRIGUEZ et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY, Respondent;
STANISLAUS COUNTY WELFARE DEPARTMENT,
ADOPTION AGENCY, Real Party in Interest.

## COUNSEL

Jensen & Pendergrass and Ralph E. Gaarde for Petitioners.

No appearance for Respondent.

T. W. Martz, County Counsel, Jonathan H. Rowell, Assistant County Counsel, John F. Christensen and Harry B. Drabkin, Deputy County Counsel, for Real Party in Interest.

Evelle J. Younger, Attorney General, N. Eugene Hill and John Fourt, Deputy Attorneys General, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**STONE, P. J.**—Petitioners seek a writ of mandate to compel respondent court to vacate its order dismissing petition for adoption and that peti-

tioners return the adoptive child to the Stanislaus County Welfare Department, Adoption Agency, and to direct respondent court to assume jurisdiction of the petition for adoption.

On July 31, 1969, the Stanislaus County Welfare Department, Adoption Agency, placed a minor female child born January 31, 1969, with petitioners for adoption. On February 10, 1971, a case worker for the agency informed petitioners that the placement of the child was being terminated and that the child had to be returned to the agency. The following day, February 11, petitioners, without approval of the agency, filed a petition for the adoption of said child, in the Stanislaus County Superior Court.

Real party in interest, Stanislaus County Welfare Department, Adoption Agency, filed a motion to dismiss the petition for adoption upon the grounds that the child placement had been terminated the day before the petition for adoption was filed, and that the petition was filed without the approval of the agency. The superior court dismissed the petition upon the ground it had no jurisdiction to entertain the petition for adoption, relying upon the provisions of Civil Code section 224n, which reads, in pertinent part: "The agency to which a child has been relinquished for adoption shall be responsible for the care of the child, and shall be entitled to the custody and control of the child at all times until a petition for adoption has been granted. Any placement for temporary care, or for adoption made by the agency, may be terminated at the discretion of the agency at any time prior to the granting of a petition for adoption. In the event of termination of any placement for temporary care or for adoption, the child shall be returned promptly to the physical custody of the agency."

No petition for adoption having been filed by petitioners prior to notice of termination of the placement by real party in interest, the trial court properly concluded that it had no jurisdiction to proceed with the petition for adoption.

Petitioners assert that under the trial court's interpretation of section 224n, prospective adoptive parents with whom a child has been placed for adoption, have no protection against the caprice, prejudice or arbitrariness of the adoption agency or its case workers. For example, here the motion for dismissal was supported by the following declaration by the adoption worker assigned to supervise the adoptive child: "In July, 1970, I began to have doubts as to the suitability of Mr. and Mrs. Rodriguez as adoptive parents. Mr. and Mrs. Rodriguez were unable to relieve the cause of my concern and I became increasingly uneasy about the placement. Finally, I determined that it would be impossible for me to

recommend that Mr. and Mrs. Rodriguez adopt the child and that the child should be returned for another placement."

This declaration, which is the basis for the disruption of the adoptive parent-child status after a year and a half, gives absolutely no reason or reasons for terminating the placement except the case worker's conclusions about her feelings.

■ The manifest importance of an adoption to the welfare of a child, as well as the importance to the prospective parents and to the state, impel us to conclude that the administrative action of the agency in a pre-adoption placement should be subject to judicial review. Although no provision for such review is found in section 224n and relevant sections of the Civil Code, we hold that an order by an adoption agency to terminate an adoptive parent-child placement status is a reviewable administrative order within the ambit of sections 1084 and 1085 of the Code of Civil Procedure. (See *Guardianship of Henwood,* 49 Cal.2d 639, 644 [320 P.2d 1]; *Baldwin-Lima-Hamilton Corp.* v. *Superior Court,* 208 Cal.App.2d 803, 823 [25 Cal.Rptr. 798]; 3 Witkin, Cal. Procedure, Extraordinary Writs, art. 47; Cal. Civil Writs (Cont.Ed.Bar) art 5.24, p. 78 et seq.)

■ Although the pleading filed in the trial court is denominated "Petition for Adoption," enough facts are stated to treat the document as an imperfectly pleaded petition for a writ of mandate to review the administrative order made by real party in interest to terminate the placement. Counsel for real party in interest, and the Attorney General appearing in behalf of the State of California, the amicus curiae in support of real party in interest, agree that petitioners should be allowed to amend their petition to conform to a section 1085 proceeding.

Respondent court correctly determined that it lacks jurisdiction to proceed with the adoption petition under section 224n of the Civil Code, but this does not justify a dismissal of the action. Respondent court is directed to permit petitioners to amend their petition to state a cause in mandate under Code of Civil Procedure section 1085 for review of order made by real party in interest to terminate the placement of the minor with petitioners.

There remains the question of custody of the child pending further proceedings in the case, and the need to insure that the equanimity of the child is not disrupted by an interim change of custody until petitioners have had an opportunity to amend their petition to conform to a section 1085 proceeding and to seek a temporary custody order to preserve the status quo.

This court's temporary order suspending proceedings in the lower court

shall remain in effect as to custody of the child only, for a period of 10 days.

Neither party to recover costs.

Petition for peremptory writ denied in part and granted in part with directions. Temporary stay order discharged in part and extended in part for 10 days.

Gargano, J., and Brown (G. A.), J., concurred.