ADOPTION OF SHAWN: STYCZYNSKI, Appellant, v. DE-
PARTMENT OF HEALTH & SOCIAL SERVICES, Respon-
dent.

*No. 147. Submitted under sec. (Rule) 251.54 September 10, 1974.—
Decided October 14, 1974.*
(Also reported in 222 N. W. 2d 139.)

The cause was submitted for the appellant on the brief of *N. Patrick Crooks, Vivi L. Dilweg, David Scott Norman* and *Crooks & Parins, S. C.*, all of Green Bay, and for the respondent on the brief of *Robert W. Warren*, attorney general, and *Ward L. Johnson*, assistant attorney general.

A brief amicus curiae was filed by *Dennis W. Herrling* and *Herrling, Hamilton & Swain* of Appleton for William Van Smith and Nancy Smith, petitioners for the adoption of Shawn in Outagamie county court.

HEFFERNAN, J. This is an appeal from an order of the county court of Oconto county which denied a petition for adoption on the ground that it had no jurisdiction to proceed. The trial court found that it was without jurisdiction because the petition for adoption was signed only by Goldeen Styczynski (who was then a married woman)

and not jointly with her then husband, Alvin, which the court held was required by sec. 48.82 (1), Stats. The trial judge held that the status Goldeen Styczynski acquired as a single person as the result of a divorce which became final during the pendency of the adoption did not cure the defective petition filed when she was a married person. He also held that the child had not been in the adopting home for more than six months, because Goldeen Styczynski had acquired a new residence, in which Shawn had lived with her for less than six months.

These bases for the decision have been vigorously attacked by the appellant, Goldeen Styczynski, and we are satisfied that the appellant's attack upon the trial court's holding poses serious questions of the correctness of the trial court's rationale.

We do not, however, reach the questions posed in the appellant's brief, for we conclude that the trial court was without jurisdiction as the result of prior final and unappealed administrative orders. The petition must, therefore, be dismissed.

During these entire proceedings the Department of Health & Social Services was the guardian of the child, Shawn. The department placed the child with Goldeen and Alvin Styczynski for adoption on March 22, 1972. The child was placed with the parties under an agreement executed pursuant to sec. 48.64 (1), Stats., which provides in part:

". . . that the child will be released to the agency whenever, in the opinion of the agency placing the child or the department, the best interests of the child require it."

A divorce action was commenced on January 12, 1973, and shortly thereafter, on January 17, 1973, Goldeen Styczynski went from Shawano county to Oconto county and lived with Shawn in the home of her parents.

In March, 1973, Goldeen Styczynski was notified by the department that the child would be removed from her home. She was advised of her right to a hearing and the right to appeal. Such right is granted by sec. 48.64 (4) (a), Stats., which provides:

"(4) ORDERS AFFECTING FOSTER PARENTS OR CHILDREN. (a) Any decision or order issued by a division of the department of health and social services, a county welfare department or a child welfare agency affecting foster parents or the childen involved may be appealed to the department of health and social services under fair hearing procedures established under department rules. The department shall, upon receipt of such petition, give the foster parents reasonable notice and opportunity for a fair hearing. The department may make such additional investigation as it deems necessary. Notice of the hearing shall be given to the foster parents and to the division, the county department or child welfare agency. They shall be entitled to be represented at such hearing. The department shall render its decision as soon as possible after the hearing and shall send a certified copy of its decision to the foster parents, the division, the county department or the child welfare agency. The decision shall be binding on all parties concerned."

Initially, an informal appeal was made to the Chief of the Direct Services Section, who on March 28, 1973, notified Goldeen Styczynski that he was upholding the removal order and that Shawn would be removed on April 4, 1973.

On April 3, 1973, Goldeen Styczynski, who was represented by counsel, asked for a "fair hearing," as provided in sec. 48.64 (4) (a), Stats. Counsel also asked that the physical removal of Shawn be postponed until after the hearing. Also, on April 3, 1973, counsel for Goldeen Styczynski filed a petition for adoption with the county court of Oconto county.

The hearing to review the order of removal as provided for by sec. 48.64 (4) (a), Stats., was held in Green Bay

on June 8, 1973. Goldeen Styczynski was represented by counsel. On June 19, 1973, Wilbur Schmidt, as secretary of the Department of Health & Social Services, on the basis of the hearing record, upheld the removal order and concluded that "the removal of the child from petitioner's home is in the best interests of the child." The order upheld the March removal order and dismissed Goldeen Styczynski's petition for review.

That order was reviewable under the provisions of sec. 48.64 (4) (b), Stats., which provides, "Judicial review of the department's decision [under sec. 48.64 (4) (a)] may be had as provided in ch. 227."

Sec. 48.64 (4) (c), Stats., provides that the county court "where the child is" can review any order or decision involving foster placement and care of the child.

No petition for a review of the department's order was ever filed under the provisions of either sec. 48.64 (4) (b) or 48.64 (4) (c), Stats.

Under the provisions of the Administrative Procedure Act, the order of the agency must be appealed within thirty days of the final decision. Sec. 227.16 (1), Stats.

Since there was no appeal or review of the order, the courts and the parties are bound by the legislative mandate of sec. 48.64 (4) (a), Stats.: "The decision shall be binding on all parties concerned."

A similar situation arose in the state of California. *Rodriguez v. Superior Court* (1971), 18 Cal. App. 3d 510, 95 Cal. Rptr. 923. In that case the petitioners Rodriguez had a child placed with them for adoption on July 31, 1969.

"On February 10, 1971, a case worker for [the Stanislaus County Welfare Department] informed petitioners that the placement of the child was being terminated and that the child had to be returned to the agency. The following day, February 11 the petitioners, without approval of the agency, filed a petition for the adoption [in the county court]." (P. 512)

The California Appellate Court held:

"No petition for adoption having been filed by petitioners prior to notice of termination . . . the trial court properly concluded that it had no jurisdiction to proceed with the petition for adoption." (P. 512)

The California statute in respect to a child placed in a home for adoption is in substance almost identical to sec. 48.64 (1), Stats., insofar as it grants power to the agency to remove a child. [1]

The gist of the California holding is that an adoption court has no jurisdiction to proceed where, prior to the invocation of the court's jurisdiction, the administrative agency has ordered the removal of the child from the adoptive placement.

Although the California holding is clear precedent for a denial of jurisdiction in the almost identical situation found in the instant case, we do not rest our conclusion on that precedent alone. The policy behind that precedent is completely applicable to the interpretation of the statutes.

In *Will of Bresnehan* (1936), 221 Wis. 51, 265 N. W. 93, and in *Adoption of Bearby* (1924), 185 Wis. 33, 200 N. W. 686, it was pointed out that jurisdiction in an adoption proceedings is dependent upon compliance with statutory prerequisites and that a failure to comply with statutory requirements resulted in a jurisdictional defect.

One jurisdictional requirement set forth in sec. 48.90 (1), Stats., is that, "No petition for adoption may be filed

---

[1] "The agency to which a child has been relinquished for adoption shall be responsible for the care of the child, and shall be entitled to the custody and control of the child at all times until a petition for adoption has been granted. Any placement for temporary care, or for adoption made by the agency, may be terminated at the discretion of the agency at any time prior to the granting of a petition for adoption. In the event of termination of any placement for temporary care or for adoption, the child shall be returned promptly to the physical custody of the agency." California Civil Code, sec. 224n.

unless the child has been in the home of the petitioners for 6 months . . . ." We construe this to mean six months next preceding the filing of the petition for adoption. Except in the placement of minors who are relatives, a minor placement generally can be made only with the approval of the Department of Health & Social Services or a recognized social service agency.

It seems clear that the six months' requirement is a means of informing the court that the child has been in the home for that period of time with the acquiescence, at least, of a social service agency.

The facts in this case, however, disclose that, although the child had been with Goldeen Styczynski for more than six months, the department decided that Shawn should be removed from the home and notified Goldeen Styczynski of that decision before the adoption petition was filed. There was no fraud on the court in this case, because the trial judge apparently was given substantially complete information in respect to the pending administrative hearings, but we conclude that the jurisdictional requirement of sec. 48.90 (1), Stats., was not complied with and could not be when a decision had already been made to remove the child. It should be remembered that the order issued on June 19, 1973, following a hearing, affirmed the order made by the department in *March* to remove the child on the basis that it was in the best interests of the child to do so.

We also conclude that the procedure attempted to be followed by the petitioner here resulted in a statutory incongruity contrary to the clear legislative intent.

The issue to be resolved in the proceedings following the removal order under sec. 48.64, Stats., is whether it is in the best interests of the child to permit the removal. The order determining that issue is binding upon the parties. Sec. 48.64 (4) (a).

Both the removal power and the adoption procedure appear in the same chapter of the statutes. Both are a part of the Children's Code.

It is absurd to believe that the legislature intended that a finding by the Department of Health & Social Services that a removal was in the best interests of the child—a finding that is final unless the appeal procedure is followed—could be ignored by simultaneously invoking the jurisdiction of the county court for the purpose of making a contrary finding.

We hold that, once administrative proceedings have commenced under sec. 48.64, Stats., and the person with whom the child had been placed is seeking a review of the removal order, a children's court has no jurisdiction of the adoption.

The petitioner may indeed invoke the jurisdiction of the children's court to appeal that determination under sec. 48.64 (4) (c), Stats., or may pursue the administrative appeal under sec. 48.64 (4) (b) ; but in view of that "binding decision," the sec. 48.64 proceedings must be disposed of prior to adoption.

In the instant case, the petitioner attempted to put two strings to her bow. She asked for a fair hearing but simultaneously attempted to pre-empt the administrative jurisdiction by the petition for adoption in order to obviate a possible unfavorable administrative decision. This she cannot do. Her only recourse was to ask for a review of the administrative order. Only by prevailing in the appeal from that order can there be a jurisdictional basis for the adoption under sec. 48.90, Stats.

We recognize that a concept of "best interests of the child" is a slippery one that may change according to changed circumstances. Accordingly, we would not hold that a fact finding in an administrative proceeding of "best interests of the child" or a contrary finding would necessarily be res judicata on a court (*see State ex rel.*

*Kern v. Kern* (1962), 17 Wis. 2d 268, 116 N. W. 2d 337). In the instant case, however, the jurisdiction of the children's court was invoked on the same set of facts that faced the administrative agency and simultaneously with the administrative proceedings. It seems clear that the administrative agency's unappealed prior order would pose the defense of res judicata were such a defense pleaded. Since we hold that no jurisdiction was acquired by the county court, no such plea would be possible. We merely cite the res judicata possibility to point out the patent absurdity of the court taking jurisdiction under the circumstances here.

The legislature has wisely provided that there be recourse to the courts from the administrative decision made under sec. 48.64, Stats. The abuse of administrative power is of concern to the legislature and this court. The widespread abuse and misuse of such power is a problem of twentieth century governments. *See,* Kenneth Culp Davis, *Discretionary Justice* (Louisiana University Press, 1969).

The Wisconsin legislature has wisely provided for a direct appeal from such determinations. But where an appeal is provided, it is incumbent upon a litigant to pursue the statutory appeal to its conclusion. He cannot circumvent the statutory scheme by striking out anew and by asking another tribunal to rule on the identical point at issue.

The trial court denied the adoption on grounds that it had no jurisdiction to consider the petition. We agree for a different reason that the court indeed was without jurisdiction. Where a court lacks jurisdiction to consider a matter, it should be dismissed. Accordingly, we modify the county court's order to dismiss the petition. As modified, the order is affirmed.

*By the Court.*—Order modified and, as modified, affirmed.